**Thomas WEBB, III, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–636.**

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1987.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Sandra D. Howard, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Thomas Webb, III, appellant, was tried by jury for the crimes of First Degree Rape in violation of 21 O.S.1981, § 1114; Forcible Oral Sodomy in violation of 21

O.S.1981, § 888; Grand Larceny From the House in violation of 21 O.S.1981, § 1707; and First Degree Burglary in violation of 21 O.S.1981, § 1431, in Case No. CRF–82–525(T) in the District Court of Cleveland County. Appellant was represented by counsel. The jury returned a verdict of guilty on all four counts and set punishment at thirty (30) years' imprisonment for First Degree Rape; ten (10) years' imprisonment for Forcible Oral Sodomy; fifteen (15) years' imprisonment for First Degree Burglary; and five (5) years' imprisonment for Grand Larceny From the House. The trial court sentenced appellant in accordance with the jury's verdict. From this Judgment and Sentence, appellant appeals to this Court.

At approximately 12:00 a.m. on March 20, 1982, K.C. awoke to a "thumping" sound. She got out of bed and saw a man standing in the living room of her apartment. The apartment was lit by a free-standing night light in the front rooms, a parking light shining through the front window and an outside light shining through the bedroom window. When she saw the intruder, she turned on the hallway light. The man stepped out of view for a few seconds then came around the corner, grabbed K.C. by her hair and face, shoved her down the hallway and threw her on the bathroom floor. The assailant then produced a knife and threatened K.C. He held her on the floor for several minutes before rising to turn off the hallway light. K.C. testified that she was able to view the intruder off and on during this time.

After turning the light off, the intruder forced K.C. into the bedroom and pushed her onto the bed. She screamed and resisted his advances, and he responded by hitting her. He then stood up and twice forced her to commit oral sodomy. He then engaged in an act of forcible rape. He then laid on the bed in front of her and talked to her for ten minutes.

The intruder once again grabbed her and pushed her back down the hallway to the living room where she saw her purse contents spilled out on the floor and her stereo speaker knocked over in front of the open window. The man went through the contents of her purse and took two bills of unknown amount. K.C. testified that she had approximately $120 in her purse and only ten dollars were left when she looked later. The assailant escorted K.C. to the front door and had her unlock the doorknob and the deadbolt so that he could leave. After he left, she called her boyfriend, who arrived shortly thereafter and called the police.

K.C. described the assailant to an officer of the Norman Police Department. The description she gave fit appellant and the detective assigned to the case set up a black-and-white photographic lineup which included appellant and five other similar men. K.C. picked appellant out of the lineup but requested a color photograph to be certain. At the second photographic lineup, also consisting of six pictures, she identified appellant as the intruder with certainty.

After the preliminary hearing, appellant moved to suppress the in-court identification that he anticipated would occur at trial. The trial court overruled the motion, and K.C. identified appellant as the perpetrator of the crimes during testimony at the January 18, 1983 trial. Also at trial, Mary Long, a criminalist with the Oklahoma State Bureau of Investigation, testified that two scalp hairs and a pubic hair found on items taken from K.C.'s apartment were consistent with samples taken from appellant.

For his first assignment of error, appellant asserts that the trial court erred in overruling his motion to suppress the in-court identification on the grounds that the identification was tainted by impermissively suggestive pretrial photographic lineups. In *Leigh v. State*, 698 P.2d 936 (Okl.Cr. 1985), this Court held that "although participants in pretrial photo displays should possess the same general physical characteristics as the accused, ... substantial compliance with physical similarity guidelines will suffice."

We are of the opinion that the photographic lineup was not impermissive-

ly suggestive because the participants were substantially similar in their physical characteristics. In the first lineup, five of the six men, including appellant had mustaches. The heights and weights were for the most part indeterminable. Additionally, the styles and lengths of hair were substantially similar for all participants. We also note that the victim and not the police requested another lineup, so the police are not responsible for the repeated exposure to appellant's picture.

In the second lineup, three of the six men had similar mustaches. The weights were again indeterminable and though three of the men had height charts in the picture, all of them were close to the height that K.C. described to police officers. The only hint of suggestiveness is in that appellant and one other man were the only subjects in both lineups. However, neither this circumstance nor any other circumstances surrounding the photographic displays made the lineups so impermissively suggestive as to give rise to a very substantial likelihood of misidentification. *Reaves v. State*, 649 P.2d 780 (Okl.Cr.1982). On review, we hold that the trial court's ruling was not erroneous, and thus, this assignment is without merit.

■ Appellant contends in his second assignment of error that the trial court erred in refusing to instruct the jury with Oklahoma Uniform Jury Instruction–Criminal (1981), OUJI–CR 820, Evidence–Circumstances of Identification. We find *McDoulett v. State*, 685 P.2d 978 (Okl.Cr.1984), to be dispositive of this issue. In *McDoulett*, we cited with approval the Pennsylvania Supreme Court's ruling in *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954), *cert. denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954), which set forth four factors to consider in determining if a cautionary instruction concerning the reliability of an identification of the defendant is necessary. We also added a fifth factor to the test. The factors to consider are: 1) whether the opportunity for positive identification was good; 2) whether the witness was positive in his identification; 3) whether the identification was weakened by prior

failure to identify; 4) whether the identification remains, even after cross-examination, positive and unqualified; and, 5) whether the witness' prior description of the assailant was accurate.

■ Applying these factors accordingly, we find the following: 1) K.C. had several good opportunities to make positive identifications; 2) K.C. was positive in her identification of appellant in the second photographic lineup, at the preliminary hearing and at trial; 3) K.C. did not make a positive identification in the first photographic lineup because the black and white picture was unclear, however she stated that appellant looked like the assailant and wanted to see a color photograph for certainty; 4) K.C. never waivered from her identification of appellant; and, 5) the description she gave the police was substantially accurate. In weighing these factors, we find that the circumstances of the identification were not so prejudicial to appellant to warrant issuing the cautionary instruction of OUJI–CR 820. Additionally, the instruction given fairly and accurately stated the applicable law, and therefore, was proper. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed. 2d 828 (1981). The assignment of error is without merit.

■ Appellant's third proposition of error concerns the testimony of Mary Long. Appellant contends that the trial court erred in admitting the testimony because the State had not furnished technical documents concerning Ms. Long's analysis of the hairs when the court ordered such documents to be furnished. We first note that appellant did not timely object to the testimony. Appellant did object to the introduction of certain photographs which the court ordered the State to produce. He asserts that this objection made early in the trial incorporated all the evidence which the orders required to be furnished. However, appellant did not object to the technical reports at the time of introduction thereby precluding the court from ruling on admissibility. Therefore, appellant has waived his right to present this issue for appellate

review. *Bristow v. State*, 644 P.2d 118 (Okl.Cr.1982).

██ Furthermore, appellant fails to cite any relevant authority to support his contention. Appellant must cite relevant and specific authority to support his assertions on appeal. *VanWoundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986), *cert. denied*, — U.S. ——, 107 S.Ct. 447, 93 L.Ed.2d 395 (1986). Not only has he failed in this regard, but he has also failed to show any prejudice resulting from her testimony. Ms. Long stated during extensive cross-examination that she could not identify appellant as the rapist with certainty by comparing hair samples under a microscope which was the method used in this case. Thus, the jury was not misled by her testimony and no prejudice resulted. This assignment of error is without merit.

██ For his final proposition of error, appellant asserts that since the in-court identification should not have been admitted, there is insufficient evidence for the conviction to stand. We found that the in-court identification was properly admitted in that the trial court did not err in overruling appellant's Motion to Suppress. The proper test for determining the sufficiency of evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

Upon review of the evidence in the light most favorable to the State, we conclude that the evidence presented was sufficient for any rational trier of fact to find the essential elements of the crimes charged beyond a reasonable doubt. The assignment of error is without merit.

The judgment and sentence appealed from are AFFIRMED.

BUSSEY and PARKS, JJ., concur.