**Eddie Earl MATHIEUS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–86–575.**

Court of Criminal Appeals of Oklahoma.

Aug. 15, 1989.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen. and Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Eddie Earl Mathieus, appellant, was tried by jury and convicted of Second Degree Burglary (21 O.S.1981, § 1435), After Former Conviction of Two Felonies (21 O.S. Supp.1985, § 51), in Lincoln County District Court, Case No. CRF–85–111, before the Honorable Milton C. Craig, District Judge. The jury set punishment at twenty (20) years imprisonment. Judgment and sentence was entered accordingly. We reverse and remand for a new trial.

On the afternoon of December 4, 1985, Craig Haley was driving home on State Highway 18 when he ran out of gas south of Meeker, Oklahoma. He closed the windows and locked the doors on his 1978 white Ford pickup, and started walking to Meeker to get some gas. When he returned, the hood was open, the wing glass on the passenger side had been pried open, the passenger door was unlocked, and the radio was hanging by wires. Mr. Haley had not given anyone permission to enter his truck.

While driving by Mr. Haley's pickup, Lincoln County Deputy Sheriff James Hensley saw a person with long blond hair crouched in the front seat of the pickup and a person in a green station wagon parked on the west side of Highway 18 directly across from the white pickup. Deputy Hensley turned his car around and headed toward the pickup. When he arrived at the location where the pickup was parked he saw the green station wagon about a quarter to half a mile down the road. Deputy Hensley stopped the green station wagon about a mile away. Appellant was driving the green station wagon when Hensley stopped it. Appellant's son, who had long blond hair, was sitting on the passenger side. Appellant and his son were placed under arrest. During booking, officers seized a pocket knife and two pairs of needle-nosed pliers from appellant.

Meeker Police Officer Dewayne Boyce saw a green station wagon and a white pickup parked on the side of the road. He observed a male with long blond hair standing between the two vehicles. The passenger door on the pickup was open as was the driver's door to the station wagon. Officer Boyce also saw a white male with a mustache sitting in the pickup. Officer Boyce traveled south to assist in an unrelated traffic stop, and then headed back north on Highway 18 toward Meeker when he saw that the green station wagon had moved across the road from the pickup. Officer Boyce examined the scene where the pickup had been parked and discovered only one other set of tire tracks. According to Officer Boyce, appellant spontaneously admitted stopping by Haley's pickup. Officer

Boyce positively identified appellant's son, James Mathieus, as being the same person he saw standing between the pickup and station wagon. Officer Boyce testified that although he couldn't be positive, appellant looked like the person he saw in the pickup based on his mustache, hair, and head features. Officer Boyce further stated that the green station wagon was stopped within a mile from where the white pickup had been parked.

It is unnecessary to address all five of appellant's assignments of error as we find merit in his fourth assignment wherein he asserts the trial court committed reversible error in refusing to give his requested cautionary instruction on eyewitness identification. (O.R. 33) The trial court noted defense counsel's exception to the failure to give his requested instructions, but requested that the record be made after the case was submitted to the jury. (Tr. 96) Thereafter, defense counsel specifically objected to the failure to give his requested instruction on identity. (Tr. 118–119)

In *Moreau v. State*, 530 P.2d 1061, 1066 (Okla.Crim.App.1975) (quoting *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954)) (citations omitted), it was stated:

> [T]estimony as to identification need not be received by the jury with caution and indeed may be treated as the statement of a fact where (1) the witness had an opportunity to observe the assailant clearly, (2) the witness is positive in his identification, (3) the witness' identification testimony is not weakened by prior failure to identify, and (4) the witness' testimony remains positive and unqualified even after cross-examination. However, if any one of these four conditions is not met, the accuracy of the identification is so doubtful that the court should warn the jury that the testimony as to identity must be received with caution.

We have reaffirmed the use of the four *Kloiber* factors, and have added a fifth factor, namely the accuracy of the witness' prior description of the assailant. *Webb v. State*, 746 P.2d 203, 206 (Okla.Crim.App. 1987); *McDoulett v. State*, 685 P.2d 978, 980–981 (Okla.Crim.App.1984).

Here, the first two factors enunciated in *Kloiber* are not satisfied. Officer Boyce did not have an opportunity to clearly observe the perpetrator. At preliminary hearing, Officer Boyce testified he was driving by at about forty-five (45) to fifty (50) miles per hour when he "got a glimpse of the one in the pickup" for four or five seconds. (PH Tr. 78–79) He admitted it "could have been" somebody else in the pickup. (PH Tr. 79) He also testified the "window kind of blocked my view...." (PH Tr. 67) At trial, Officer Boyce testified his observation was made in a period of five to seven seconds as he was driving by approximately one block away at a speed of thirty-five (35) to forty (40) miles per hour. (Tr. 80–81) In addition, Officer Boyce was not positive as to appellant's identity as the person in the pickup. Officer Boyce testified appellant "looked like the subject in the vehicle, but I couldn't be positive." (Tr. 77) On cross-examination, he testified he saw "somebody in the pickup" but was not positive as to who it was. (Tr. 83)

In the instant case, Officer Boyce's qualified identification of appellant was the only evidence placing appellant inside the victim's pickup. Therefore, we find it was "a critical element of the prosecution's case...." *McDoulett*, 685 P.2d at 980. Accordingly, we hold that where, as here, the record reflects that an eyewitness did not have an opportunity to observe the perpetrator clearly and the eyewitness was not positive in his identification, a defendant is entitled to have the jury instructed that the testimony as to identity must be received with caution. *See McDoulett*, 685 P.2d at 980–81. The trial court's failure to give appellant's written requested cautionary eyewitness instruction, which substantially mirrored *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) 820 (1981) constituted reversible error. Thus, this case must be reversed and remanded for a new trial.

Finally, we briefly address appellant's last assignment of error wherein he claims the evidence was insufficient, since such a claim, if meritorious, would preclude re-

trial. *See Gamble v. State*, 751 P.2d 751, 754 (Okla.Crim.App.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 97, 102 L.Ed.2d 73 (1988). The evidence presented against appellant at trial consisted of both direct and circumstantial evidence. Therefore, the proper test for the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Riley v. State*, 760 P.2d 198, 199 (Okla.Crim.App. 1988). While we concede this was a close case, we find the evidence was sufficient.

Based on the foregoing, the judgment and sentence is REVERSED and REMANDED for a NEW TRIAL.

LANE, V.P.J., concurs in result.

BRETT, J., concurs.

LUMPKIN, J., dissents.

LANE, Judge, concurring in result.

I concur in the results reached by the majority. However, I feel that it is necessary to point out that the identity testimony was not only weak as to the appellant, but was also weak as to the vehicle in which the Appellant was arrested. Both officers testified that they saw a small green station wagon at the scene of the burglary, but neither was able to determine the make, model or tag number of the vehicle or if the vehicle had any distinguishing markings. After determining that a burglary of a vehicle had in fact occurred, they stopped a small green station wagon near the scene of the offense. It is from this vehicle that the Appellant and his son were arrested. Once the arrests were made, the identity of the Appellant became certain but only the circumstantial evidence that he was in a small green station wagon connected him with the offense. I therefore find it necessary to point out that identity testimony refers to both people and inanimant objects. In fact, this is recognized by OUJI–CR 820 when it refers to "likeness or similarity of *objects* and persons." (emphasis added). With this addendum, I concur with the majority in its conclusion that this matter must be reversed and remanded for a new trial with proper instructions.

LUMPKIN, Judge, dissenting.

I must respectfully dissent to the Court's decision in this case. The facts of this case are distinguishable from the facts presented in *Moreau v. State*, 530 P.2d 1061 (Okl. Cr.1975), *Webb v. State*, 746 P.2d 203 (Okl. Cr.1987), and *McDoulett v. State*, 685 P.2d 978 (Okl.Cr.1984), which the court cites in determining it was reversible error to fail to give a cautionary eye-witness instruction in this case. In each of those cases the defendant committed the crime, fled, and at a later date was apprehended, with the requirement that the eye-witness identify the defendant after a passage of time. In this case identity is not in doubt. The Appellant was the individual in the green station wagon which was stopped by Deputy Hensley. The entire sequence of events testified to by Deputy Hensley occurred during a fifteen to twenty minute period of time. In fact, only two to three minutes of time expired between the time Deputy Hensley saw the green station wagon at the pickup until he turned around and stopped the vehicle which the Appellant was driving. The issue then becomes, is the circumstantial evidence sufficient to convict the Appellant of second degree burglary based upon the observations of the witnesses, the time sequence of events, and the evidence presented at trial? I find that the record supports a finding that the evidence is sufficient and, while a cautionary instruction could have been given by the trial judge, it was not required in this fact situation.