[Crim. No. 2979. Third Dist. Feb. 3, 1960.]

THE PEOPLE, Respondent, v. RONALD EUGENE DERBY, Appellant.

Irving P. Dungan, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Nat Agliano, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Ronald Eugene Derby was found guilty by a jury of violating section 148 of the Penal Code (resisting a public officer in the discharge of the duties of his office). His motion for a new trial was denied. He was granted probation and this appeal followed.

The facts as shown by the record are as follows:

Officers Stanley E. Scott and Carl W. Forsmann entered the parking lot of the California Highway Patrol in Red Bluff about 2:30 a.m., November 22, 1958. They were about to end their tour of duty and return to their homes. As they stepped from the patrol car they heard sounds of a struggle and went over to a bowling alley adjacent to the office of the California Highway Patrol where they saw appellant and an airman fighting. Officer Scott, who was in uniform, ran over and yelled, "Break it up," pushing them apart. He recognized appellant and asked him whether or not he was on probation and was told that he (appellant) got off the day before. After Officer Scott stepped in between the two men, the airman ceased fighting. Appellant, however, forced Scott out of the way and attempted to reach the airman. Officers Forsmann and Scott again subdued appellant, and Scott informed appellant he was under arrest for disturbing the peace. The officers began escorting appellant to their car. He was still resisting. He broke loose from their grasp once but was recaptured. He continued to struggle with them and the officers were required to secure the assistance of two bystanders to handcuff appellant. Appellant nevertheless continued to struggle. He was then informed that he was under arrest for disturbing the peace and resisting arrest. Appellant ceased struggling and became cooperative.

[■■] Appellant first contends that there is no proper basis for the charge because the crime of violating section 148 of the Penal Code (resisting arrest) can only be committed when a public officer is discharging a duty of his office, and appellant contends that a highway patrol officer has no official duty to arrest for a breach of the peace committed in his presence. He

argues that a highway patrol officer only has authority to act as a peace officer for the purpose of carrying out the duties of his employment; that the purpose of the employment of a highway patrol officer is to enforce the motor vehicle laws; and that in quelling a fight he is not acting to enforce those laws.

This contention cannot be sustained. Section 2409 of the Vehicle Code (formerly § 139.37) provides:

"Peace Officer Authority. All members of the California Highway Patrol have the powers of a peace officer; provided, that the primary duty of the department shall be the enforcement of the provisions of this code or of any other law relating to the use or operation of vehicles upon the highways, and patrol members shall not act as peace officers in enforcing any other law except:

"(a) When in pursuit of any offender or suspected offender.

"(b) To make arrests for crimes committed in their presence or upon any highway."

It is apparent that while it is the primary duty of a member of the California Highway Patrol to enforce the provisions of the Vehicle Code, he shall also act as a peace officer to make arrests for crimes committed in his presence or upon any highway.

■ Appellant cites section 817 of the Penal Code, as amended in 1951, which states: "When in any law a public officer or employee is designated as, given the powers of, or determined to be, a peace officer, such officer or employee shall be deemed to be a peace officer but only for the purpose of that law." Appellant argues that the 1951 amendment of section 817 (being later in point of time than Veh. Code, § 139.37, now § 2409) amends subsection 2 of section 139.37, pertaining to arrests for crimes committed in their presence, and they do not have the power of peace officers for any offense other than violations of the Vehicle Code.

By the specific provisions of former section 139.37 of the Vehicle Code (now Veh. Code, § 2409) highway patrol officers, in addition to carrying out the duties of enforcing laws with relation to vehicular violations, were also given the duty of making arrests for crimes committed in their presence. These crimes were not limited to those relating solely to the use or operation of vehicles upon public highways. By the statutory amendment of section 817 of the Penal Code no intent was shown to repeal or modify former section 139.37 of the Vehicle Code, but on the contrary the provisions thereof are contained in the code as reenacted. ■ It is a well-established prin-

ciple of statutory construction that statutes dealing with the same subject matter must be construed together in the light of each other so as to harmonize them if possible. (*In re Marquez,* 3 Cal.2d 625 [45 P.2d 342] ; *People* v. *Trieber,* 28 Cal.2d 657 [171 P.2d 1] ; *County of Placer* v. *Aetna Cas. etc. Co.,* 50 Cal.2d 182 [323 P.2d 753].) Amendment or repeal by implication is not favored. (*People* v. *Leong Fook,* 206 Cal. 64 [273 P. 779] ; *Pool* v. *Simmons,* 134 Cal. 621 [66 P. 872] ; 1 Sutherland Statutory Construction, 3d ed., § 2014, pp. 468-470.)

Thus it would appear that the qualifying paragraph to section 817 of the Penal Code was not intended to apply to members of the California Highway Patrol where their general duties, in addition to the specific duties, were set forth in the statute (former Veh. Code, § 139.37, now Veh. Code, § 2409), but to those other categories of "peace officers" who by the statutes providing for their duties were limited to the enforcement only of the particular laws enforced by their agencies.

Appellant next contends that the officers were not engaged in performing a duty of their office at the time of the arrest and that there they had no right to make the arrest. This contention likewise cannot be sustained.

The record shows that the officers, in full uniform and wearing their gun belts and badges, were about to go off duty at 2:30 a. m., but were still in the parking lot adjacent to the California Highway Patrol office when they heard the sounds of the fight as hereinbefore set forth. There is sufficient evidence in the record to sustain a finding that the officers were still on duty.

Furthermore, it is clear that a breach of the peace was committed in the officers' presence, and they were not required to ignore this conduct on the part of the appellant whether or not their particular hours of duty had been completed. Section 2253 of the Vehicle Code recognizes this fact wherein it is stated:

"For the purpose of determining the scope of employment of any member of the California Highway Patrol under the workmen's compensation laws, any such member shall be deemed to be on duty and acting within the scope of his employment when actually exercising any of the powers or performing any of the duties imposed or authorized by law at any time during the 24 hours of the day."

Similarly, in the case of *Hanmer* v. *Wells Fargo & Co.*

*Express,* 174 App.Div. 724 [160 N.Y.S. 651], a marshal arrested a criminal for whom a reward was offered, after regular working hours. In a suit to collect the reward the question arose as to whether the marshal in making the arrest at this time was discharging a duty of his office. The court in holding that he was performing his duty stated:

". . . 'Public Officers such as policemen, constables, etc., are under a special duty at all times, because of the nature of their employment, to use their best efforts to apprehend criminals, as was said in *Kick* v. *Merry,* 23 Mo. 72 [66 Am.Dec. 658]. The services rendered were within the duties of their office. All their energies had been devoted to the service of the city. . . .' "

To the same effect see *Lees* v. *Colgan,* 120 Cal. 262 [52 P. 502, 40 L.R.A. 355]; 2 Ops. Cal. Atty. Gen. 301.

 Appellant contends also that prejudicial error occurred in the admission of previous crimes committed by appellant. Officer Scott testified that when he recognized appellant he asked him whether or not he was on probation from his last fight. The trial court permitted the evidence to be received for the limited purpose of informing the jury of the events that occurred and what was said. He cautioned the jury it could only be used for that purpose and that they were not to assume any other facts from it.

It is apparent that the evidence objected to was not sought to be introduced as affirmative evidence of other offenses committed by appellant but as a part of the res gestae of the current offense. The court so recognized it and admonished the jury in answer to the objection raised by appellant.

 Appellant's final contention is that the court erred in giving the following instruction to the jury:

"In determining whether there is reasonable cause to believe a person has committed a public offense, a peace officer may take into account the past conduct, character and reputation (known to him at the time) of the person suspected, and reasonable cause to justify an arrest may consist of information obtained from others, together with the personal observations of the officer."

There was no error in giving this instruction. The knowledge of the officer that appellant was pugnacious was relevant to the issue of probable cause to make the arrest. At the time the officers saw the fight it was in progress and in determining whether it was an attempt by appellant to defend himself from an unwarranted attack or whether it was a fracas pre-

cipitated by his own acts, the officers had the right to take into account his past character, conduct and reputation to justify his arrest.

The evidence of appellant's guilt of the crime of resisting an officer was overwhelming. The record shows that he received a fair trial, that the jury was fully and fairly instructed, and that no prejudicial errors were committed.

The order denying appellant's motion for a new trial is affirmed and the order granting probation, being deemed to be a final judgment under section 1237 of the Penal Code, is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 30, 1960.