*Supp. 3 Opinion
WHYTE, P. J.
This case involves the troublesome problem of what should be done with property remaining in the demised premises when the tenant is dispossessed through unlawful detainer proceedings.
Prior to 1967, upon a judgment of restitution being issued, the enforcing officer served the writ on the tenant who had five days to vacate and if he did not do so then the enforcing officer simply put the property out on the street or sidewalk. (Code Civ. Proc., § 1174.) This often resulted in the loss of whatever remaining property the unfortunate tenant had through the action of the elements.
Faced with this picture of deprivation, the Legislature in 1967 amended section 1174 to require the county to store the property for 30 days subject to redemption by the tenant upon “payment of reasonable costs incurred by the enforcing officers and in providing such storage and the judgment rendered in favor of the plaintiff, including costs.” The costs of moving and storage were to be reimbursed to the county and the judgment and costs of procuring the same were to be reimbursed to the plaintiff.
Strictly construed, this amendment could be interpreted as repealing by implication section 690 et seq. of the Code of Civil Procedure relating to exempt properties. However, it is the duty of the court to construe statutes together so as to harmonize them if possible. Amendment or repeal by implication is not favored. (People v. Derby (1960) 177 Cal. App.2d 626 [2 Cal.Rptr. 401].) We must give effect to both section 1174 and section 690 et seq. if possible.
Insofar as section 1174 required storage of property by the county for 30 days, it was clearly for the benefit of the tenant. The benefit is the same whether the property is of a kind which is exempt under section 690 et seq. or whether it is non-exempt property. The identical public interest which justifies granting the exemption in the first place justifies the protection of the property so exempted from unnecessary deterioration. Insofar as the statute required payment of the judgment and costs out of the property stored, it is for the benefit of the landlord. The landlord had no proper claim to reach exempt property for this purpose.
As section 1174 was amended in 1967, it seems clear that it can be reconciled with section 690 et seq. by allowing the county, under section 1174, to require that, upon redemption of any property exempt or nonexempt, it be reimbursed for the cost of storing and protecting said property while allowing the tenant to claim his exemption against any attempt to satisfy the original judgment from such property.
*Supp. 4 But in 1968, the Legislature again amended section 1174. Doubt had been expressed as to the constitutionality of the requirement that the county store the property on the ground that such provision constituted a gift of public funds in contravention of article XIII section 25 (formerly art. IV § 31). At least one county counsel had advised levying officers in his county not to store property under section 1174 for this reason.
The 1968 amendment shifted to the plaintiff landlord the duty of storing the property. The reimbursement provisions were not changed except to provide payment of the expenses of storage to the plaintiff rather than the county. Nor do we believe this altered the proper construction of the statute in relation to section 690 et seq. To require any landlord, large or small, to stand the expense of storage himself would deprive him of his property without due process. Many a small landlord may be dependent almost solely upon his rental for his livelihood. To allow the tenant to require the landlord to protect his property for 30 days and then come along and say, “Thank you very much but that property is exempt so I’ll take it now and you may stand the storage bill,” would work an unreasonable hardship which the Legislature could hardly have intended. Nor would this hardship be materially lessened by giving the plaintiff, who already has one uncollected judgment for rent, the right to recover another for storage.
Future Legislatures will undoubtedly grapple further with this problem and hopefully will make the legislative intent of future amendments clear. But we must construe the statutes as they now exist and, not without some misgivings, have reached these conclusions:
(1) Under Code of Civil Procedure section 1174, the plaintiff is under mandatory duty to store property left on the premises for 30 days.
(2) Plaintiff is entitled to be reimbursed for the cost of such mandatory holding and storage out of the property held, exempt or non-exempt, and may sell said property after said 30 days to recoup his costs in storing and selling said property.
(3) The tenant is entitled to possession of property exempt from execution under Code of Civil Procedure section 690 et seq. at any time by paying the costs which have then been incurred by the plaintiff landlord in protecting and storing said property.
(4) The landlord may hold and by proper action apply to his original judgment and costs any non-exempt property not removed from the premises by the tenant upon his vacating the property.
(5) Insofar as exempt property is concerned, the landlord cannot run up his claim by arbitrarily holding the property beyond the 30-day period *Supp. 5 and is only entitled to reimbursement for that period plus the reasonable time necessary to effect a sale.
Applying the foregoing rules, the order of the trial court is affirmed. While we may suspect that the amount of reimbursement here allowed goes beyond the mandatory period, the record does not so show. It is the duty of appellant to furnish a record which demonstrates error. One which only shows that error may or may not have occurred is insufficient to support of a reversal. (People v. Clifton (1969) 270 Cal.App.2d 860 [76 Cal.Rptr. 193].)
The order granting claim of exemption is affirmed. Respondent to recover her costs on appeal.
Vasey, J., concurred.