[No. 12517–6–I.   Division One.   October 24, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID ROY BROWN, *Appellant.*

*David T. Patterson,* for appellant (appointed counsel for appeal).

*Seth Dawson, Prosecuting Attorney,* and *Aaron Fine, Deputy,* for respondent.

WALTERSKIRCHEN, J.*—David Roy Brown appeals his conviction for resisting arrest under the third degree assault statute, RCW 9A.36.030.[1] He alleges that (1) he was justified in resisting the arresting officer because the officer was off duty, and (2) the trial court erred by failing to include a lesser included offense instruction.

On February 26, 1982, Mark Glover, a Lynnwood police officer, was at home asleep at about 3:20 a.m. He awoke, looked out his window, and saw someone looking into his neighbor's car in the apartment parking lot. He then went out, dressed only in a pair of pants, to confront the person, identified as Brown. Glover identified himself as an off–duty police officer and tried to arrest Brown. Brown resisted, striking and throwing bottles at Glover.

At trial, Brown was convicted of third degree assault for resisting lawful arrest by a law enforcement officer.

Brown first argues he had the right to reasonably resist the arrest because it was by an off–duty police officer. He contends that an off–duty police officer has no greater

---

*Judge F. A. Walterskirchen is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1]The relevant portion of RCW 9A.36.030 states:

"(1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:

"(a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself or another person shall assault another; . . ."

authority to arrest than a private citizen. Because a private citizen could not have arrested him for the misdemeanor of vehicle prowling, Brown asserts, the off–duty officer had no authority to arrest. Consequently, Brown concludes, the arrest was unlawful and he had the right to reasonably resist.

The issue before us is whether an off–duty police officer has the authority of an on–duty officer to make arrests. We are convinced that he does.

■ The statute granting police officers authority to arrest is the appropriate starting point for our analysis. RCW 10.31.100 provides: "A police officer may arrest a person without a warrant for committing a misdemeanor . . . in the presence of the officer . . ." The statute fails to make a distinction between the authority of police officers on or off duty or in or out of uniform. Furthermore, the next paragraph of RCW 10.31.100 states:

> Any police officer having probable cause to believe that a person has committed or is committing a misdemeanor . . . involving . . . threats of harm to any person or property or the unlawful taking of property . . . shall have authority to arrest the person.

The use of the term "any" supports the conclusion that off–duty officers may make arrests.

Court decisions further support our conclusion. Although our research has failed to uncover any Washington decisions that have directly addressed the question, courts in other jurisdictions have indicated off–duty police officers have authority to arrest for misdemeanors committed in their presence. *See People v. Derby,* 177 Cal. App. 2d 626, 2 Cal. Rptr. 401 (1960); *State v. Childs,* 269 N.W.2d 25 (Minn. 1978).

■ Moreover, the conclusion that it is unlawful to resist an arrest by an off–duty officer who discloses his identity best achieves the objectives of the third degree assault statute and the statute granting officers authority to arrest. The third degree assault statute relating to resisting arrest is designed to allow police officers to maintain a "peaceful

and orderly custody", *State v. Williams,* 29 Wn. App. 86, 90, 627 P.2d 581 (1981), and in turn, "protect the public safety". *Seattle v. Gordon,* 54 Wn.2d 516, 519, 342 P.2d 604 (1959). The statute governing authority to arrest appears to have the same objectives. *See* RCW 10.31.100. Prohibiting one who is committing a misdemeanor from resisting the arrest of one who identifies himself as a police officer is most likely to achieve those aims. By its nature, permitting resistance prevents orderly custody and threatens public safety. Requiring acquiescence maintains the peace in two ways. First, it prevents any violence between the officer and the individual. Second, it stops the criminal behavior. Granting off–duty officers authority to arrest equal to on–duty officers, thereby making it unlawful to resist their arrest, thus best achieves the goals of the relevant statutes.

Further, our decision presents little threat to individuals' liberty from others posing as police officers. It must be emphasized that only those committing a criminal act would be prohibited from resisting arrest. It seems remote that attackers posing as police officers would accost those committing misdemeanors.

Brown argues that the statements of Officer Glover to Brown that he was an off–duty police officer, under the circumstances, did not give fair warning of his official character because Officer Glover at 3:20 a.m. was dressed only in pants and had no gun or badge.

Brown's concern was addressed by the court in *Seattle v. Gordon, supra.* In *Gordon* the court stated at page 520 (quoting 39 Am. Jur. 510):

> ". . . If an officer does not disclose his authority and the accused does not know that he is an officer and is attempting to arrest him for an offense, he has a right to resist the arrest with whatever force is necessary."

*See also Morton v. State,* 190 Ga. 792, 10 S.E.2d 836, 840 (1940); 5 Am. Jur. 2d *Arrest* §§ 69–70 (1962); 6A C.J.S. *Arrest* § 48 (1975).

It is, ordinarily, incumbent on an officer, seeking to make an arrest without a warrant, to inform the accused of his

authority or official character. An officer must make a reasonable disclosure, adapted to the circumstances, of his character and purpose; but, as a general rule, the notice is sufficient when it is such as to inform a reasonable man of the authority and the purpose of the one making the arrest. 6A C.J.S. *Arrest* § 45. Thus, the disclosure that he is a police officer may be nonverbal by use of a uniform or badge, or verbal. Either method provides the accused with a warning.

Our examination of the facts of this case in the light of the principles discussed shows that Officer Glover gave Brown an adequate warning, a fact supported by the evidence and established by the jury verdict, and that Officer Glover had the authority to arrest Brown, even though Glover was off duty. Brown's resistance, therefore, constituted a violation of the third degree assault, resisting arrest, statute.

Brown's second contention is that the trial court erred by failing to provide a lesser included offense instruction.

The defendant's exception consisted only of the bare statement, "I would further object to the court's failure to give the lesser included offense instruction of simple assault." The defendant failed to give the trial court any reason why the instruction should be given, or why it would be error not to give it.

We conclude that Brown failed properly to preserve the alleged error for appeal. CrR 6.15(c) requires a party to state the reasons for objecting to the instructions given or refused. Where a party fails to follow the requirement of CrR 6.15(c), the appellate court will not consider the alleged error. *State v. Robinson,* 92 Wn.2d 357, 361, 597 P.2d 892 (1979). Brown failed to provide the trial court with reasons for his objections to the court's failure to give the requested instruction. Accordingly, we will not address the issue.

The trial court is affirmed.

WILLIAMS and SCHOLFIELD, JJ., concur.