OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | |
|---|---|
| OPINION | : |
| | : No. 89-203 |
| of | : |
| | : AUGUST 31, 1989 |
| JOHN K. VAN DE KAMP | : |
| Attorney General | : |
| | : |
| CLAYTON P. ROCHE | : |
| Deputy Attorney General | : |
| | : |

THE HONORABLE GARY A. CONDIT, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

1. Does a probation officer's peace officer powers under section 830.5 of the Penal Code extend to violations of any criminal law, or are they limited to conditions of parole or probation?

2. Does a probation officer's peace officer powers under section 830.5 of the Penal Code extend to off-duty hours?

CONCLUSIONS

1. A probation officer's peace officer powers under section 830.5 of the Penal Code extend to violations of any criminal law if the violation is discovered in the course of and arises in connection with the probation officer's employment.

2. A probation officer's peace officer powers under Penal Code section 830.5 do not extend to off duty hours.

ANALYSIS

1. **To Which Criminal Laws Do The Peace Officer Powers Apply?**

The first question presented is whether a probation officer's peace officer powers under section 830.5 of the Penal Code extend to violations of any criminal law, or whether they are limited to conditions of parole or probation.

We conclude that they extend to violations of any criminal law if the violation is discovered in the course of and arises in connection with the probation officer's employment.

1.                                                                                   89-203

Section 830.5 of the Penal Code generally designates as peace officers certain state and local officers, that is, probation and parole officers and state correctional officers. The introductory paragraph and subdivision (a) apply to probation officers. [1] They state:

"The following persons are peace officers whose authority extends to any place in the state while engaged in the performance of the duties of their respective employment and for the purpose of carrying out the primary function of their employment or as required under Sections 8597, 8598, and 8617 of the Government Code. Except as specified in this section, these peace officers may carry firearms only if authorized and under those terms and conditions as are specified by their employing agency:

"(a) A parole officer of the Department of Corrections or the Department of the Youth Authority, probation officer, or deputy probation officer, or a board coordinating parole agent employed by the Youthful Offender Parole Board. Except as otherwise provided in this subdivision, the authority of such parole or probation officer shall extend only (1) to conditions of parole or of probation by any person in this state on parole or probation; (2) to the escape of any inmate or ward from a state or local institution; (3) to the transportation of such persons; and (4) to violations of any penal provisions of law which are discovered in the course of and arise in connection with his or her employment. A parole officer of the Department of Corrections or the Department of the Youth Authority is authorized to carry firearms but only as determined by the director on a case-by-case or unit-by-unit basis and only under such terms and conditions as are specified by the director. A board coordinating parole agent employed by the Youthful Offender Parole Board shall not carry firearms."

Accordingly, the questions presented require an interpretation of the quoted provisions. In our analysis we are guided by the following rules of construction stated in *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-231.

"We begin with the fundamental rule that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent the court turns first to the words themselves for the answer. We are required to give effect to statutes according to the usual, ordinary import of the language employed in framing them. If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose; a construction making some words surplusage is to be avoided. When used in a statute words must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear. Moreover, the various parts of a statutory

---

[1] All section references are to the Penal Code unless otherwise indicated. We note that in subdivision (b) of section 830.5, after designating state correctional officers and certain other state officers as peace officers, reference is made to local probation departments by designating as peace officers "any superintendent, supervisor, or employee having custodial responsibilities in an institution operated by a probation department, or any transportation officers of a probation department.."

We do not consider these officers to be probation officers within the meaning of the questions presented.

enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (Citations and quotations omitted.)

In prior opinions of this office we have pointed out the distinction between the "status" of peace officer and the "authority" of a peace officer and that both need not exist at the same point in time. (See generally, 65 Ops.Cal.Atty.Gen. 527 (1982); 65 Ops.Cal.Atty.Gen. 618, 626 (1982).) Applying this distinction to section 830.5 peace officers, we see from the introductory paragraph that they are "peace officers whose <u>authority</u> extends to any place in the state <u>while</u> engaged in the performance of their duties, etc. . . . ." (Emphasis added.) Accordingly, under the literal wording of section 830.5, they have the "status" of a peace officer without any time limitation, thus at all times, but they have the authority of a peace officer only <u>while</u> engaged in the performance of their duties, etc. The "while" clause modifies their authority, not their status. This is to be contrasted with section 830.4 peace officers, considered in 65 Ops.Cal.Atty.Gen. 527 (1982), *supra*, who "are peace officers while engaged in the performance of their duties," etc. With respect to these peace officers, we stated (at page 530):

". . . The use of the words `while' and `when' to introduce the qualifying clauses is significant. The dictionary defines `while' to mean during the time that and `when' to mean at what time. (See Webster's Third New Internat. Dict.) Thus the usual and ordinary import of the emphasized words is to limit the time that the security officers named `are peace officers.' <u>The clear implication is that at times other than those specified such security officers are not peace officers</u>." (Emphasis added.)

This distinction between peace officer "status" and peace officer "authority" is significant herein since both questions presented refer to the exercise of probation officers' peace officer powers, that is, "authority." With this distinction in mind we return to the introductory paragraph of section 830.5. It is seen that section 830.5 peace officers may exercise their peace officer authority while engaged in the performances of the duties of their employment and for two stated purposes. These are:

a. "for the purpose of carrying out the primary function of their employment" and

b. "as required under Sections 8597, 8598, and 8617 of the Government Code", that is, when there is a state or local emergency declared pursuant to the Emergency Services Act, or as may be required under mutual aid plans, agreements, ordinances or resolutions.

In this opinion we are concerned with the peace officer powers of county probation officers. Accordingly, in addition to the introductory paragraph of section 830.5, subdivision (a) of section 830.5 must be analyzed. While a probation officer has the status of a peace officers at all times, subdivision (a) limits to four the situations when a probation officer may exercise the <u>authority</u> of a peace officer, (ostensibly "except as otherwise provided in this subdivision.")[2]

---

[2]We state "ostensibly" since there is nothing in subdivision (a) which "otherwise provides[s]." Research into origins of present section 830.5 discloses that the phrase "except as otherwise provided in this subdivision" was apparently inadvertently carried into the section in 1980 when sections 830 et seq. were revised. Section 830.5 provided before the 1980 amendments with respect to parole and probation officers.

Subdivision (a) thus specifies that these are the "only" situations to which such authority extends. These are:

　　　　1.  "to conditions of parole or of probation by any person in this state on parole or probation;"

　　　　2.  "to the escape of any inmate or ward from a state or local institution;"

　　　　3.  "to the transportation of such persons;" and

　　　　4.  "to violations of any penal provisions of law which are discovered in the course of and arise in connection with his or her employment."  (Emphasis added.)

　　　　What do these four categories mean when applied to probation officers?  As to category (1), we believe this refers to the authority of a peace officer granted by section 1203.2 to rearrest a probationer without a warrant and to bring that probationer before the court for a violation of any of the terms of probation.  As to category (2) we believe this refers to the authority of a peace officer granted by section 863.3 to arrest persons without a warrant who have been convicted of misdemeanors and who have escaped from any county jail, prison, industrial farm or industrial road camp.  As to category (3), we believe this category is intended to confer peace officer authority on probation officers while they are transporting "such persons", that is, those persons referred to in categories (1) and (2), the rearrested probationers or escapees.

　　　　It is evident that these first three categories refer to situations where a probation officer may make an arrest for other than the commission of a crime.  This leaves category (4).  This is the category intended to address the question, when may a probation officer arrest persons for the commission of crimes?  The language of this category is clear.  It states, they may do so where the crimes "are discovered in the course of and arise in connection with . . . [the probation officer's] employment." These are the only limitations.

　　　　Accordingly, we conclude that a probation officer has peace officer authority to arrest any person for the commission of any crime so long as the criteria of section 830.5, subdivision (a) is met, that is, the crime is discovered in the course of and arises in connection with the probation officer's employment.   Stated otherwise, a probation officer may arrest any person for the commission of any crime while in the performance of the duties of his or her employment when he or she has grounds for such arrest under Penal Code section 836.

------

　　　　830.5  (a)  Any parole officer of the State Department of Corrections, placement or parole officer of the Youth Authority, probation officer, or deputy probation officer is a peace officer.  Except as otherwise provided in this subdivision, the authority of any such peace officer shall extend only (1) to conditions of parole or of probation by any person in this state on parole or probation:  (2) to the escape of any inmate or ward from a state institution; (3) to the transportation of such persons; and (4) as provided in Section 8597 or 8598 of the Government Code, or when acting pursuant to Section 8617 of the Government Code.  The authority of any parole officer of the State Department of Corrections shall further extend to violations of any penal provisions of law which are discovered in the course of and arise in connection with his employment." (See Stats. 1978, ch. 643.)

It is seen that what is now category (4) originally was the exception.

2. **The Question of Off-Duty Hours**

The second question presented is whether a probation officer's peace officer powers under section 830.5 extend to off duty hours.[3]

It has been suggested that case law and opinions of this office require an affirmative answer. These cases appear to set forth a general rule that a peace officer is on-duty at all times, even during off-duty hours, insofar as arrest powers and duties are concerned. Illustrative is the often cited case, *People* v. *Derby* (1960) 177 Cal.App.2d 626. There the question presented was the authority of two highway patrolmen who had just gone off-duty to arrest an individual who was involved in a fight in the patrol's parking lot. The court acknowledged that by statute the primary duty of the highway patrol officers was to enforce the vehicle code and similar laws relating to the use and operation of vehicles on the highway. However, it stated:

> "Furthermore, it is clear that a breach of the peace was committed in the officers' presence, and they were not required to ignore this conduct on the part of appellant whether or not their particular hours of duty had been completed. . . ." (*Id*, at p. 630.)

The court further quoted the rule that:

> "`. . ."Public officers such as policemen, constables, etc., are under a special duty at all times, because of the nature of their employment, to use their best efforts to apprehend criminals. . . . The services rendered were within the duties of their office. . ."'" (*Id*., at p. 631.)

The court also cited *Lees* v. *Colgan* (1898) 120 Cal. 262 and 2 Ops.Cal.Atty.Gen. 301 (1943) to the same effect. (See also generally *Cervantez* v. *J.C. Penny Co.* (1979) 24 Cal.3d 579, 588-589; *People* v. *Corey* (1978) 21 Cal.3d 738, 746; *People* v. *Ketchel* (1963) 59 Cal.2d 503, 525-526; 65 Ops.Cal.Atty.Gen. 527, 529 (1982); 64 Ops.Cal.Atty.Gen. 886, 889-890 (1981); 62 Ops.Cal.Atty.Gen. 626, 629-630 (1979).)

However, none of the suggested cases or opinions of this office which applied the "general rule" dealt with a statute similar to section 830.5. As we stated in 65 Ops.Cal.Atty.Gen. 526, 529 (1982), *supra*:

> "The qualifications on peace office status arising out of statutory language and the court cases serve to indicate that the designation of certain persons as `peace officers' in chapter 4.5 [of the Penal Code] does not mean that those persons are peace officers for any and all circumstances."

We return to the language of section 830.5. As we noted at the outset herein, the introductory paragraph states that those persons designated as peace officers in that section have the authority of a peace officer "while engaged in the performance of the duties of their respective employment." As we also noted at the outset, this would mean that they do not have such authority at other times. (Cf. 65 Ops.Cal.Atty.Gen. 527, 530 (1982), *supra*). Accordingly, it follows that probation officers' peace officer powers under section 830.5 of the Penal Code do not extend to off-

_____

[3]This opinion does not attempt to define when a peace officer is "off duty." That will be subject to many variables including state and local laws, contracts and orders given by superiors.

duty hours. (Accord: 65 Ops.Cal.Atty.Gen. 618, 626 (1982), airport security officers not peace officers when off duty.)

While off duty a deputy probation officer has the same rights as other citizens, including the authority to make a citizen's arrest. However, while exercising those rights while off duty a deputy probation officer acts as a citizen rather than as a peace officer.

We conclude that a probation officer's peace officer powers under section 830.5 do not extend to off duty hours.

* * * *