## FREDDIE LE BARRE v. STATE.

No. A.-7114. Opinion Filed Feb. 15, 1930.
(287 Pac. 733.)

Madden & Hubbell, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county on a charge of operating a motor vehicle on the public highway while under the influence of intoxicating liquor and his punishment fixed at one year's confinement in the penitentiary at Granite, Okla.

The evidence of the state was that the defendant drove a Ford automobile to the store and filling station of one Dilbeck, on a public road in Cotton county, on the 16th day of October, 1927; that the defendant was driving about twenty-five miles an hour and swerved his car, barely missing the Kinniard car; that the little girl of Kinniard was standing on the running board, and her mother jerked her in the car just in time to prevent her being hit by defendant's car; that the defendant turned in and came to a sudden stop forty or fifty feet past Kinniard's car. All the witnesses for the state testified that they smelled defendant's breath; that he had been drinking intoxicating liquor and that he was under the influence of intoxicating liquor; that defendant was violent and abusive; and that it required at least two men to hold him on the ground for almost an hour until the sheriff came. The sheriff testified that he smelled intoxicating liquor on the defendant's breath when he arrived and took him to jail. Defendant admits that he drank a bottle of home-brew about an hour before the trouble, but denies that he was under the influence of intoxicating liquor, and a number of witnesses testified for him and said that he did not appear to be intoxicated.

The defendant first contends that the evidence is insufficient to support the verdict of the jury. The question of whether the defendant was intoxicated to such an extent as to impair his judgment and ability to drive the car was one of fact for the jury, and there is ample evidence

in the record to support the verdict of guilty. The verdict of the jury will not be set aside for insufficiency of the evidence unless there was no competent evidence or it affirmatively appears that the jury was influenced by improper motives. Patterson v. State, 44 Okla. Cr. 64, 279 Pac. 356.

The defendant next complains that the county attorney was guilty of misconduct in his argument. While the county attorney was making the closing argument to the jury, the following proceedings were had:

"By Mr. Bridges: The defendant objects to the statement of counsel for the state in his argument to the jury in which he said, 'Fred LeBarre, you have personally lied in this case and perjured yourself,' and move the court not to permit the county attorney to make such statements.

"By Mr. Morris: The county attorney remembers distinctly what he said and wishes to make a statement in the record that the statement almost word for word was in substance, 'Fred LeBarre, you know you have committed perjury in this case and the record and the evidence so shows it.'

"By the Court: Gentlemen of the Jury: I am going to admonish the county attorney that the use of such strong language is not looked upon with favor by the courts, and the county attorney can argue as to his veracity or truthfulness without using the word 'liar.'

"By Mr. Morris: I don't believe I used the word 'liar' at all. I said 'perjury' if the court please.

"By the Court: You will desist from using the word 'lied.'

"By Mr. Morris: If I used it I certainly will desist.

"By the Court: Argue as to conclusions which you think the evidence warrants without applying epithets."

The argument of the county attorney was not taken down in full and is not embodied in the record. The court makes no finding as to what the county attorney said, and the county attorney and counsel for defendant differ as to what was said. This record presents no question of misconduct for a consideration of this court. Moody v. State, 13 Okla. Cr. 327, 164 Pac. 676; Schaff v. Coyle, 121 Okla. 228, 249 Pac. 947; Whitenack v. State, 46 Okla. Cr. ......, 285 Pac. 990.

The defendant next complains that the court erred in refusing to submit to the jury defendant's requested instruction No. 1. The requested instruction was not a correct statement of the law on the meaning of the words "under the influence of intoxicating liquor." The court on its own motion gave instruction No. 4, which reads as follows:

"Before you find the defendant guilty of driving the automobile in question while under the influence of intoxicating liquors, as charged in the information, you must be satisfied beyond a reasonable doubt, not only that he drank intoxicating liquor, but that he was affected by it to such an extent as to impair his ability to operate the automobile with that degree of prudence and caution which would be exercised by him while in full possession of his faculties."

In the case of Welch v. State, 43 Okla. Cr. 47, 277 Pac. 280, this court said:

"The term 'under the influence of intoxicating liquor,' as used in section 3, chap. 16, Session Laws 1923, is a term of common use, and requires no definition or explanation to be understood by persons of ordinary intelligence, and it is not error for a court in defining the offense of driving an automobile while under the influence of intoxicating liquor to fail to define or explain such term."

Instruction No. 4 was more favorable to the defendant than the rule laid down in Welch v. State, supra, required.

There being sufficient evidence in the record to support the verdict of the jury, and the errors of law not being such as to require a reversal of the case, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., absent, not participating.