**Larry Gene STEWART, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–74–274.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1974.

Irby R. Taylor, Norman, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

**PER CURIAM:**

Appellant, Larry Gene Stewart, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Cleveland County, Case No. CRM–73–1524, for the offense of Assault and Battery Upon a Police Officer, in violation of 21 O.S.1971, § 649. His punishment was fixed at thirty (30) days in the County Jail and a fine of Five Hundred ($500.-00) dollars. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial the State's evidence adduced that on the evening of December 4, 1973, Ben Rosser, an off-duty Norman Patrolman, was working as a security guard at an apartment complex in Norman. Rosser was not wearing his official police uniform and was not armed. He observed defendant and another male knocking on an apartment door and window. Having knowledge that the apartment was unoccupied, he approached and asked them for identification. Defendant refused his request and started walking toward his pickup. Rosser followed after them and upon arriving at the pickup, identified himself as a police officer and displayed his badge. Defendant struck Rosser, knocking him to the ground. Rosser ordered him to remain at the scene but defendant drove off.

Defendant's evidence adduced at trial revealed that he and his companion went to the apartment to visit a friend who formerly lived there. They knocked on the door and Rosser approached them. After a short conversation defendant started back to his parked vehicle. As defendant was getting into his pickup, Rosser grabbed his arm, whereupon defendant turned and struck Rosser. Rosser did not identify himself as an officer until after the blow was struck.

Defense counsel contends that the evidence is not sufficient to sustain the charge that Ben Rosser was a police officer acting in the performance of his duties, therefore, the trial court erred in overruling his demurrer to the evidence. We agree.

The defendant was convicted under 21 O.S.1971, § 649, which provides:

"Every person who, without justifiable or excusable cause, knowingly commits

any assault, battery, or assault and battery upon the person of a police officer or other officer of the law *while in the performance of his duties as a police officer* is punishable by imprisonment in the county jail not exceeding six (6) months, or by a fine not exceeding Five Hundred Dollars ($500.00), or by both such fine and imprisonment." (Emphasis ours)

The uncontroverted evidence in the instant case reveals that Ben Rosser was an off-duty Patrolman working as a security guard for an apartment complex at the time of the altercation. He was not in uniform nor was he carrying his gun. There is no evidence that Rosser was in the performance of his duties as a police officer at the time of the altercation.

We believe that when an off-duty police officer accepts private employment and is receiving compensation from his private employer he changes hats from a police officer to a private citizen when engaged in this employment and he is therefore representing his private employer's interest and not the public's interest. In a proper civil case if the off-duty police officer, in the performance of his private employment, causes personal injury or property damages his employer would be liable civilly as well as himself and not the city.

We therefore hold that as a matter of law when an off-duty police officer accepts private employment and when engaged in this private employment he becomes a private citizen. Therefore to make a valid arrest he must comply with the law applicable to a citizen's arrest. It is our opinion that the defendant, if guilty of any crime, is guilty of simple assault and battery and it was error for the trial court to overrule defendant's demurrer to the State's evidence.

For the foregoing reasons this cause is hereby reversed and remanded to proceed not inconsistent with the opinion herein.