**Cedric Earl MORRISON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–74–440.**

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1974.

Arthur S. Bay, Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Cedric Earl Morrison, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRM–71–635, for the offense of Assault and Battery Upon a Law Officer. He was sentenced to a term of thirty (30) days in the County Jail and assessed a fine of Five Hundred ($500.00) dollars. From said judgment and sentence, he has perfected his timely appeal to this Court.

The evidence adduced at the trial from the testimony of Officer Homer O. Barnett revealed that on June 17, 1971, between 7:30 and 8:00 a. m., he was dispatched to 613 East Wilshire, Oklahoma City, Oklahoma, to investigate a domestic disturbance. Upon arrival at the address, an apartment house, he was directed by a woman in a downstairs apartment to apartment No. 56. Upon arriving at the apartment door, Barnett testified he observed three bullet holes in the door facing. He knocked on the partially opened door, defendant appeared from the inside and asked what he wanted. Before Barnett could answer defendant's question a woman inside the apartment, apparently seriously beaten, pled with Barnett not to arrest defendant as she was not going to press charges. She then ran behind Barnett and hysterically exclaimed that she did want to press charges. Barnett then restrained defendant with a neck and arm hold. Officers Fraipont and Miller then came to his aid and took custody of defendant while he further investigated this incident.

Officer Mike Fraipont testified that on the above date at the above approximate time he and Officer Miller were dispatched to the above address for the reason that a domestic disturbance had been reported. Fraipont testified he first observed defendant being led from the apartment by Officer Barnett who had the defendant restrained with a neck and arm lock. He and Officer Miller then walked to the top of the stairs and took custody of defendant. The defendant resisted by attempting to push the pair down the stairs. Fraipont and Miller wrestled the defendant to his stomach on the first stairway landing and handcuffed his hands behind his back. He and Officer Miller requested that the defendant walk down the stairs to the patrol car. Defendant refused and consequently, defendant was carried by Fraipont and Miller down the stairs. Miller opened the left rear door and they placed defendant in the back seat of the patrol car. Fraipont entered the driver's side of the patrol car and leaned over the front seat to obtain some papers out of a briefcase. He heard a noise in the back seat, turned and observed a foot coming toward his face. He turned his head to one side and defendant struck a blow to his shoulder with his foot. As a result of this blow Fraipont sustained a bruise and abrasion on his shoulder and his uniform was ripped. Miller observed the scuffle, walked back to the left rear door of the patrol car, opened the door and subdued the defendant.

Officer Miller testified substantially as Fraipont corroborating the material portions of Fraipont's testimony. Miller testified and admitted striking defendant after he assaulted Fraipont and further stated that both he and Fraipont participated in the subduing of the defendant after the incident. Finally Officer Miller testified that he and Officer Fraipont then took defendant to headquarters and defendant was booked into the jail.

Thereafter the State rested.

For the defense, Erma Lea Cox, mother of the defendant, testified that she was driven to defendant's apartment by Mrs. Laddy Fuller to get her car so she could proceed to her work. Upon arrival at the approximate above time she observed officers leading the defendant from the apartment, prodding him along. Mrs. Cox further testified that the defendant was handcuffed; that she observed the officers striking the defendant with nightsticks;

and, that the officers were pulling the defendant's hair. Mrs. Cox testified she observed blood on the defendant's forehead and that throughout the episode the police officers were cursing defendant. Finally, Mrs. Cox testified that during the incident she was so overwrought that she fainted.

Laddy Fuller's testimony closely approximated that of Mrs. Cox. Laddy Fuller testified the officers carried the defendant from the apartment and threw him in the patrol car whereafter they began beating the defendant. She testified that she distinctly heard the officers cursing the defendant; and, that the officers were beating the defendant with sticks.

The defense read into the record the affidavit of Dr. Bocox from Mercy Hospital describing the extent of injuries for which the defendant was treated in the emergency room on the day in question.

Thereafter the defense rested.

■ Defense counsel first urges that the trial judge violated the rule set forth in State ex rel. Fallis v. Caldwell, Okl.Cr., 498 P.2d 426 (1972) and Jones v. State, Okl.Cr., 481 P.2d 169 (1971), wherein this Court held that upon a magistrate's dismissal of an Information for lack of sufficient evidence to hold a defendant for trial for a felony offense, proceedings in the same case may not be reinstituted unless an evidentiary hearing is conducted and the magistrate determines from additional evidence that he was in error in dismissing a felony charge during the preliminary stage of a prosecution. In the instant case an order was signed on January 14, 1974, ordering the State to secure the presence of a prosecuting witness within 15 days or in the alternative the case "thereafter be dismissed." Later, a verbal order, entered upon the trial court's motion, was entered reinstating the case against the defendant. Defense counsel urges that the instant case falls within the rule set forth in Jones v. State and Caldwell v. State, supra. The State counters this contention with an argument which states in substance that

*Jones* and *Caldwell* are to be construed applicable only to felony prosecutions when a "magistrate" is sitting in judgment of the facts during preliminary stages. With this contention, we agree. The *Jones* ruling is to be narrowly applied to a magistrate's ruling during the preliminary stages of a felony prosecution. It is not to be applied to vacated dismissal order in the prosecution of a defendant for a misdemeanor.

■ In defense counsel's next proposition he argues the following testimony is inadmissible and prejudicial to defendant:

"Q. All right. Then, what did you do?

"A. I went up the stairs to this apartment.

"Q. All right. Now, tell the Jury what you saw when you got up there.

"A. My first—when I first got to the door I observed in the door three bullet holes—

"MR. HAMILTON: Object to that, Your Honor, and move for a mistrial; that has no issue on this trial, no one is charged with shooting anyone, and there's no reason to believe that these are even bullet holes.

"THE COURT: Overruled." (Tr. 6) Defense counsel urges the above testimony is inadmissible for the reason the bullet holes had nothing to do with the reason for causing the arrest of the defendant. The State counters arguing the evidence regarding the bullet holes is a part of the res gestae. We find the evidence regarding the bullet holes in the doorsill to be admissible as it tends to establish probable cause to make an arrest for the protection of a person involved in a domestic disturbance. It was out of this arrest that the alleged assault upon the police officer was made. It is the general rule that one may resist an unlawful arrest. Since the alleged assault grew from the arrest all the facts and circumstances surrounding the arrest of defendant were admissible for the purpose of showing the officers exercised

proper authority in making the arrest. For this reason we find the evidence was admissible and the trial court did not err in permitting the jury to hear it.

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.