Jesse THOMAS, III, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–586.

Court of Criminal Appeals of Oklahoma.

May 25, 1990.

OPINION

BRETT, Judge:

Appellant, Jesse Thomas, III, was tried by a jury for the crime of Murder in the

First Degree in violation of 21 O.S.1981, § 701.7, in Case No. CRF–85–209 in the District Court of Creek County. The jury found the appellant guilty of Murder in the Second Degree and assessed punishment at life imprisonment. The trial court sentenced the appellant accordingly. From this judgment and sentence the appellant has perfected his appeal to this Court.

On the evening of August 11, 1985, the decedent and his brother purchased phencyclidine (PCP) and went to the home of a friend. While there, they smoked marijuana cigarettes with the friend and the appellant, who had been drinking whiskey and smoking PCP earlier that evening. After midnight the appellant started waving a gun around and acting strange. Later, he shot and killed the decedent while the decedent was trying to get the gun away from him. Several witnesses testified at trial that appellant had appeared to be "out of his mind" and in a "daze" that night. An expert on the effects of PCP also testified that he did not believe that appellant could have been thinking straight or coherently at the time of the shooting.

In his sole proposition of error, the appellant contends that the trial court committed fundamental error in violation of his fourteenth amendment rights when in its instructions on sanity, the court left to the jury issues concerning the presumption of sanity and burden of proof. This, appellant argues, resulted in a denial of his right to due process of law because it absolved the State from having to prove his sanity beyond a reasonable doubt. The instructions at issue are as follows:

> If defense is one of insanity at the time of commission of the act, defendant is presumed to be sane and has the burden to come forward with sufficient evidence to raise a reasonable doubt as to his sanity.
>
> The State in [a] criminal prosecution may rely upon the presumption that the defendant is sane; however, when the defendant produces sufficient evidence to raise a reasonable doubt of his sanity, then the State has the burden of proving sanity beyond a reasonable doubt.

Appellant concedes that this Court has found such instructions to be a correct statement of the law in *Brewer v. State,* 718 P.2d 354 (Okl.Cr.1986), *cert. denied,* 479 U.S. 871, 107 S.Ct. 245, 93 L.Ed.2d 169 (1986). However, he urges us to reconsider our holding in *Brewer* to the extent that we found that whether the defendant has presented *any* evidence of insanity is a question of law for the judge, and whether the defendant has presented sufficient evidence to raise a reasonable doubt as to his or her sanity is a question for determination by the jury. This, he alleges, ignores the essential distinction between the roles of the judge and the jury. In support of his allegations, the appellant cites the Commission Comments to OUJI–CR 728–30 which states that "[t]he Commission has concluded that instructions on the defendant's burden and the presumption of sanity indicate a misconception as to the proper role of the judge and jury with respect to the insanity defense, confuse the burden of coming forward with the burden of proof, and mislead the jury." However, we are not now, nor have we ever been persuaded that the OUJI instructions on the defense of insanity accurately state the applicable law. *See Brewer,* 718 P.2d at 361; *Morris v. State,* 766 P.2d 1388, 1390 (Okl.Cr.1988). Instead, we continue to find that instructions such as the ones given in the present case set forth the burden of proof clearly and accurately in accordance with Oklahoma law.

The appellant also argues that this Court should overrule its holding in *Brewer* because it is inconsistent with prior Oklahoma law. While the holding in *Brewer* may have departed somewhat from earlier case law, we are not required to return to pre-*Brewer* holdings. Current case law has expressly reaffirmed the holdings that this Court set forth in *Brewer* and we see no reason to discontinue at this point in time. *See Morris,* 766 P.2d at 1390; *Lamb v. State,* 767 P.2d 887, 891 (Okl.Cr.1988).

In further support of his argument, the appellant cites *Otney v. United States,* 340 F.2d 696, 698 (10th Cir.1965), for the proposition that "[t]he sufficiency of the evi-

dence to overcome the legal presumption of sanity was not within the province of the jury or of concern to it." Rather, it is for the court to determine as a matter of law. However, *Otney* was a federal criminal trial which did not apply state law. Just because a federal court chooses to apply a certain rule of law does not necessitate that this Court must also. A state court may apply state law so long as it meets federal constitutional standards. *Cf. Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). In that we have found the *Brewer* holding to be in compliance with federal constitutional standards, we dismiss this argument as meritless.

■ It is also argued that the instruction which stated that the appellant was presumed to be sane and had the burden of providing sufficient evidence to raise a reasonable doubt as to his sanity was erroneous because it placed an impermissible burden upon him of raising a reasonable doubt as to his sanity and shifted away from the State the burden of proving intent. However, we have addressed this issue before and have found that an instruction on the rebuttable presumption of sanity is a proper statement of law and does not improperly shift the burden of proof. *See Ake v. State,* 778 P.2d 460, 470 (Okl.Cr.1989).

For the reasons stated above, we find that the judgment and sentence should be AFFIRMED.

PARKS, P.J., LANE, V.P.J., and LUMPKIN and JOHNSON, JJ., concur.