OSCN Found Document:IN RE ADOPTION OF 2016 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE ADOPTION OF 2016 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL
2016 OK CR 11
Case Number: CCAD-2016-1
Decided: 06/01/2016
IN RE ADOPTION OF 2016 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL
Cite as: 2016 OK CR 11, __ __

 



IN RE: ADOPTION OF THE 2016 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)







ORDER ADOPTING AMENDMENTS TO OKLAHOMA UNIFORM JURY
INSTRUCTIONS-CRIMINAL (SECOND EDITION)



¶1 On March 11, 2016, The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition). The Court has reviewed the report by the committee and recommendations for the adoption of the 2016 proposed revisions to the Uniform Jury Instructions. Pursuant to 12 O.S. 2011, § 577.2, the Court accepts that report and finds the revisions should be ordered adopted.


¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, the revisions shall be available for access via the internet from this Court's web site at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.


¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED the amendments to existing OUJI-CR 2d instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted to wit:


4-15; 4-16; 4-39; 4-124; 4-127; 4-128; 4-130; 8-32; 8-34; 9-19; 9-43A;


¶4 The Court also accepts and authorizes the updated committee comments and notes on use to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2016 Supp.)".


¶5 IT IS THE FURTHER ORDER OF THIS COURT that the members of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions be commended for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.


¶6 IT IS SO ORDERED.


¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 1st day of June, 2016.




/S/CLANCY SMITH, Presiding Judge


/S/GARY L. LUMPKIN, Vice Presiding Judge


/S/ARLENE JOHNSON, Judge


/S/DAVID B. LEWIS, Judge


/S/ROBERT L. HUDSON, Judge 



ATTEST:


/s/Michael S. Richie
(Clerk)



 



 


OUJI-CR 4-15
AGGRAVATED ASSAULT AND BATTERY UPON POLICE
OR OTHER STATE PEACE OFFICER - ELEMENTS


No person may be convicted of aggravated assault and battery upon a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer) unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:


First, (an assault)/(a battery)/(an assault and battery);


Second, upon a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer);


Third, known by the defendant(s) to be a (police officer)/ sheriff/(deputy sheriff)/(highway patrolman)/ (corrections personnel)/(State peace officer);


Fourth, by inflicting great bodily injury;


Fifth, without justifiable or excusable cause;


Sixth, committed while the (police officer)/sheriff/(deputy sheriff)/ (highway patrolman)/(corrections personnel)/(State peace officer) was in the performance of his/her duties as a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer).


OR


First, physical contact with a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/ (corrections personnel)/(a peace officer employed by a state/federal governmental agency to enforce state laws);


Second, in a willful attempt to gain control;


Third, of the firearm;


Fourth, of any (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/ (corrections personnel)/(a peace officer);


Fifth, known by the defendant(s) to be a (police officer)/ sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(peace officer); 


Sixth, without justifiable or excusable cause; 


Seventh, committed while the (police officer)/sheriff/(deputy sheriff)/ (highway patrolman)/(corrections personnel)/(peace officer) was in the performance of his/her duties as a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(peace officer).


______________________________


Statutory Authority: 21 O.S. Supp. 2015, § 650.


Notes on Use


The court should use the definitions of assault and/or battery in OUJI-CR 4-2 and 4-3 and the definition of great bodily injury in OUJI-CR 4-28 with the first alternative for this instruction, but they should not be used for the second alternative. For a definition of great bodily injury, see OUJI-CR 4-28. For a statutory definition of "police officer", see 21 O.S. Supp. 2006 2011, § 648. For a statutory definition of "corrections personnel", see 21 O.S. 2001 Supp. 2015, § 649(C).


Committee Comments


The third element of the first alternative and the fifth element of the second alternative in this instruction is are included because 21 O.S. 2001 2011, § 650 requires the aggravated assault and battery upon the peace officer to have been committed "knowingly".


 



 


OUJI-CR 4-16
ASSAULT OR BATTERY UPON POLICE OR OTHER
STATE PEACE OFFICER - ELEMENTS


No person may be convicted of assault/battery/(assault and battery) upon a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer) unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:


First, (an assault)/(a battery)/(an assault and battery);


Second, upon a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer);


Third, known by the defendant(s) to be a (police officer)/ sheriff/(deputy sheriff)/(highway patrolman)/ (corrections personnel)/(State peace officer);


Fourth, without justifiable or excusable cause;


Fifth, committed while the (police officer)/sheriff/(deputy sheriff)/ (highway patrolman)/(corrections personnel)/(State peace officer) was in the performance of his/her duties as a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer).


OR


First, a willful attempt to (reach for)/(gain control);


Second, of the firearm;


Third, of any (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/ (corrections personnel)/(a peace officer employed by a state/federal governmental agency to enforce state laws);


Fourth, known by the defendant(s) to be a (police officer)/ sheriff/(deputy sheriff)/(highway patrolman)/ (corrections personnel)/(State peace officer); 


Fifth, without justifiable or excusable cause; 


Sixth, committed while the (police officer)/sheriff/(deputy sheriff)/ (highway patrolman)/(corrections personnel)/(State peace officer) was in the performance of his/her duties as a (police officer)/sheriff/(deputy sheriff)/(highway patrolman)/(corrections personnel)/(State peace officer).


______________________________


Statutory Authority: 21 O.S. 2000 & Supp. 2006, §§ 648, 649 2011, § 648, 21 O.S. Supp. 2015, § 649.


Notes on Use


The court should use the definitions of assault and/or battery in OUJI-CR 4-2 and 4-3 with the first alternative for this instruction, but they should not be used for the second alternative. For a statutory definition of "police officer", see 21 O.S. Supp. 2006 2011, § 648. For a statutory definition of "corrections personnel", see 21 O.S. 2001 Supp. 2015, § 649(C).


Committee Comments


Section 649 of Title 21 singles out a particular type of simple assault or battery for enhanced punishment: wrongful attack upon a police officer or other officer in the performance of his/her duties. Such an attack is wrongful unless it occurs during the course of reasonable resistance by the defendant to an unlawful arrest. Sandersfield v. State, 1977 OK CR 242, 568 P.2d 313; Cantrell v. State, 1977 OK CR 100, 561 P.2d 973; Morrison v. State, 1974 OK CR 223, 529 P.2d 518; Davis v. State, 1932 OK CR, 53 Okl. Cr. 411, 12 P.2d 555. Section 648 defines which officers are protected by section 649.


The court's construction of the phrase "while in the performance of his duties" may be perceived by contrasting two recent cases. In Stewart v. State, 1974 OK CR 173, 527 P.2d 22, the complainant was an off-duty Norman police officer employed as a security guard at an apartment complex. At the time the altercation occurred, the officer was at his place of private employment, without a gun or a uniform. The court reversed the defendant's conviction under section 649, and held:




We believe that when an off-duty police officer accepts private employment and is receiving compensation from his private employer he changes hats from a police officer to a private citizen when engaged in this employment and he is therefore representing his private employer's interest and not the public's interest....


We therefore hold that as a matter of law when an off-duty police officer accepts private employment ... he becomes a private citizen. Therefore, to make a valid arrest he must comply with the law applicable to a citizen's arrest.




Id. at ¶ ¶ 7, 8, 527 P.2d at 24.





This holding was distinguished by the court in Brooks v. State, 1977 OK CR 96, 561 P.2d 137. The complaining officer in Brooks was not in uniform and was off-duty at the time he attempted to investigate rowdy conduct on the part of the defendants, and he became involved in a fracas with the defendants, when he attempted to investigate rowdy conduct on the part of the defendants. In holding Stewart inapplicable because the officer in that case was performing his own private, rather than public, functions the court held:




[A]ny time a police officer, whether in uniform or not, takes it upon himself to enforce the law in order to maintain peace and order for the general benefit of the public, he is acting in the performance of his duties as a police officer.




...




Officer Christian, although off duty, was not acting under the employ of a private enterprise but was acting for the benefit of the public in general with the aim of maintaining peace and order.




Id. at 140.


Section 650 of Title 21 denominates as a felony any unlawful aggravated assault and battery perpetrated upon a police officer or other officer in the performance of duties. The Commission has incorporated only the aggravated assault and battery element of infliction of great bodily injury in the instruction, since officers on active duty are unlikely to be aged or decrepit. See 21 O.S. 2001 2011, § 646.


The third element of the first alternative and the fourth element of the second alternative in this instruction is are included because 21 O.S. 2001 2011, § 649 requires the assault and battery upon the peace officer to have been committed "knowingly".


 



 


OUJI-CR 4-39
SEXUAL ABUSE/EXPLOITATION OF CHILDREN - ELEMENTS


No person may be convicted of the sexual abuse/exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:


First, a person willfully/maliciously engaged in;


Second, rape/incest/(making lewd/indecent acts/proposals)/(specify other sexual abuse);


Third, of/with/to a child under the age of eighteen/twelve.


OR


First, a person willfully/maliciously;


Second, encouraged/allowed/permitted a child under the age of eighteen/twelve to engage in prostitution/(specify other sexual exploitation).


OR


First, a person willfully/maliciously;


Second, encouraged/allowed/permitted/(engaged in) the lewd/obscene/pornographic photographing/filming/depicting of a child under the age of eighteen/twelve by another person.


______________________________


Statutory Authority: 21 O.S. Supp. 2014 2015, § 843.5(E), (F), (H), and (I).


Notes on Use


The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged.


OUJI-CR 4-35 should be used if the defendant is charged with child abuse.


Committee Comments


The Oklahoma Court of Criminal Appeals directed the use of a differently worded instruction for cases under 10 O.S. Supp. 1995, § 7115 in Huskey v. State, 1999 OK CR 3, ¶ 12, 989 P.2d 1, 7. The above instruction places the holding in Huskey in the format of the other instructions on child abuse and neglect. In ¶¶ 11-13 of the Huskey opinion, the Court applied the definitions of sexual abuse and sexual exploitation set out in 10 O.S. Supp. 1998, § 7102(B)(6) and (7). These When Huskey was decided, these definitions include included the restriction that the sexual abuse or sexual exploitation must be "by a person responsible for a child's health or safety ." , but the present statute dealing with child sexual abuse or child sexual exploitation, 21 O.S. Supp. 2015, § 843.5(E)-(J), does not include a restriction that the sexual abuse or sexual exploitation must be by a person responsible for a child's health or safety.


In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."


Enhanced punishment for sexual abuse and sexual exploitation of children under the age of twelve was added in 2007.


 



 


OUJI-CR 4-124
RAPE IN THE SECOND DEGREE - ELEMENTS


No person may be convicted of rape in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:


First, sexual intercourse;


Second, with a person who is not the spouse of the defendant [and who may be of the same sex as the defendant];


[Third, where the victim was under the age of sixteen].


OR


[Third, where the victim was under the belief induced by the defendant that the victim was having intercourse with his/her spouse].


OR


[Third, where the victim was under the legal custody/supervision;


Fourth, of a (state/federal agency)/county/municipality/(political subdivision); and


Fifth, the defendant was an employee/(employee of a contractor of)/the (state/federal agency)/county/municipality/(political subdivision) that exercised authority over the victim;].


OR


[Third, where the victim was between sixteen and twenty years of age;


Fourth, the victim was a student/(under the legal custody/supervision) of a/an (elementary/secondary school)/(junior high)/high/(public vocational) school;


Fifth, the defendant was eighteen years of age or older; and


Sixth, the defendant was an employee of the victim's school system] ;


OR


Third, where the victim was nineteen years of age or younger; and 


Fourth, in the legal custody of a (state/federal agency)/(tribal court); and


Fifth, the defendant was a (foster parent)/(foster parent applicant).


______________________________


Statutory Authority: 21 O.S. 2001, §§ Supp. 2015, § 1111, 21 O.S. 2011, § 1114.


Notes on Use


The trial court should read the bracketed language in the second element only if the defendant was of the same sex as the victim. In the third element the trial court should read only the alternative (or alternatives) that is (or are) supported by the evidence.


Committee Comments


In all instances, the statutory age under which a victim is legally incapable of consenting to sexual intercourse is 16, section 1111(A)(1). If a defense under section 1112 is unavailable, sexual intercourse with a person under 16 years of age is at least rape in the second degree, although if the victim is under 14 years of age, rape in the first degree is a possible charge. Even if the proof establishes that the victim is 13 years of age, a prosecution and conviction for rape in the second degree is proper because rape in the second degree is a lesser included offense of rape in the first degree. Hence, the first alternative in the third element simply indicates a victim under 16 years of age.


The other alternatives in the third element constitute, in fact or by law, sexual intercourse without the consent of the victim.


The age of the defendant is not an element of the crime of second-degree rape. If the prosecutor is uncertain whether it can be proved that the defendant has attained the age of 18, he/she can charge the defendant with second-degree rape and the conviction would be upheld although it is established that the defendant is over 18. Brasel v. State, 1929 OK CR 216, 291 P. 807, 48 Okl. Cr. 403. The age of the defendant may become relevant as a defense, however, under section 1112, if the victim is over 14 years of age and consents, and the defendant is under 18 years of age.


Oklahoma's rape shield law, 12 O.S. 2011, § 2412, limits the use of evidence of the sexual behavior of the victim in prosecutions for sexual offenses.


 



 


OUJI-CR 4-127
RAPE BY INSTRUMENTATION
IN THE SECOND DEGREE - ELEMENTS


No person may be convicted of rape by instrumentation in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:


First, the person penetrated the anus/vagina;


Second, of any victim;


Third, with (an inanimate object)/(a part of the human body other than the penis);


Fourth, without the victim's consent;


Fifth, [List the Circumstance(s) Specified in Section 1111 Which Exist in This Case].


Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.


OR


First, the person was eighteen years of age or older; and


Second, the person was an employee of the victim's school system; and


Third, who penetrated the anus/vagina;


Fourth, of a student /(person under the legal custody/supervision) of a public/private (elementary/secondary school)/(junior high)/high/(public vocational) school;


Fifth, who was at least sixteen years of age and less than twenty years of age ; .


Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.


OR


First, the defendant was an employee/(employee of a contractor of)/the (state/federal agency)/county/ municipality/(political subdivision); and


Second, who penetrated the anus/vagina;


Third, of a person who was under the legal custody/supervision;


Fourth, of the (state/federal agency)/county/municipality/(political subdivision) that employed the defendant ; .


Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.


OR


First, the defendant was a (foster parent)/(foster parent applicant);


Second, who penetrated the anus/vagina;


Third, of a person who was nineteen years of age or younger;


Fourth, when the person was in the legal custody of a (state/federal agency)/(tribal court).


Any sexual penetration, however slight, is sufficient to complete the crime of rape by instrumentation.


______________________________


Statutory Authority: 21 O.S. 2001, §§ Supp. 2015, § 1111.1, 21 O.S. 2011, §§ 1113, 1114.


Committee Comments


The crime of rape by instrumentation 21 O.S. 2011 Supp. 2015, § 1111.1, does not fall within the common law definition of rape. R. Perkins, Criminal Law 152 (2d ed. 1969). Before section 1111.1 was adopted in 1981, the acts constituting this crime would have fallen within the assault and battery crimes. Since section 1111.1 creates a specific crime covering acts falling within its purview, the State should charge under this specific statute rather than the general assault and battery statutes. 21 O.S. 2011, § 11.


Most elements of rape by instrumentation are self-explanatory. In reference to the first element, note that penetration of the mouth is not included within this offense. Such a forcible act would, however, be covered by the crime against nature/forcible sodomy statutes, 21 O.S. 2011, §§ 886, 888. "Any sexual penetration, however slight, is sufficient to complete this crime." 21 O.S. 2011, § 1113.


The second element, "of another person," means just what it states. Under section 1111.1, spousal "rape" is specifically recognized. The Commission has concluded that the language "of another person," when used in conjunction with "penetration of the anus or vagina," means that a male can "rape" a male and a female can "rape" a female by instrumentation.


 



 


OUJI-CR 4-128


FORCIBLE ORAL SODOMY -- ELEMENTS


No person may be convicted of forcible oral sodomy unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:


First, penetration;


Second, of the mouth/vagina of the defendant/victim;


Third, by the mouth/penis of the defendant/victim;


[Fourth, which is accomplished by means of force or violence, or threats of force or violence that are accompanied by the apparent power of execution.]


You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.


OR


[Fourth, by a person over the age of eighteen on a child under the age of sixteen.]


You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.


OR


[Fourth, committed upon a person incapable through mental illness or any unsoundness of mind of giving legal consent].


You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.


OR


[Fourth, committed by a state/county/municipal/ (political subdivision) employee/contractor/[employee of a contractor of (the state)/ (a county/municipality/(political subdivision of Oklahoma)] upon a person who was under the legal custody, supervision or authority of a (state agency)/county/ municipality/(political subdivision) of Oklahoma.


You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.


OR


[Fourth, where the victim was at least sixteen but less than twenty years of age;


Fifth, the victim was a student of a (secondary school)/(junior high)/ high/(public vocational) school;


Sixth, the defendant was eighteen years of age or older; and


Seventh, the defendant was an employee of the victim's school system].


You are further instructed that any sexual penetration, however slight, is sufficient to complete the crime.


______________________________


Statutory Authority: 21 O.S. Supp. 2010 2011, §§ 886, - 888; 21 O.S. 2001, § 887.


Notes on Use


This instruction is intended for use in forcible oral sodomy cases under 21 O.S. Supp. 2010 2011, § 888. It does not cover forcible anal sodomy, which constitutes the crime of rape and is covered by OUJI-CR 4-119 through 4-127.


The trial court should select the Fourth Element that is supported by the evidence. The Fourth Element should not be included for prosecutions under 21 O.S. Supp. 2010 2011, § 886.


The trial judge should pay particular attention to making sure the Second and Third Elements conform to the evidence at trial. In Collins v. State, 2009 OK CR 32 n.11, 223 P.3d 1014, 1018 n.11, the Court of Criminal Appeals stated that:


[I]n cases involving separate counts of forcible oral sodomy, where the crimes alleged involve different factual theories, it is advisable to instruct the jury with separate instructions. In particular, such instructions should make clear whether the crime alleged is forcing the victim to perform oral sex on the perpetrator (penetration of the mouth of the victim by the penis of the defendant) or forcing the victim to endure oral sex performed by the perpetrator (penetration of the vagina of the victim by the mouth of the defendant).


In addition, in the Second and Third Elements, the trial judge should not select the options of penetration of the vagina of the victim by the penis of the defendant, because that would constitute rape, and the appropirate appropriate instruction for rape should be used instead.


Committee Comments


Oklahoma has two sodomy statutes, 21 O.S. Supp. 2010 2011, §§ 886, 888. Force is not an element of sodomy under 21 O.S. Supp. 2010 2011, § 886. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. Proof of force is required under 21 O.S. Supp. 2010 2011, § 888, however, unless the victim was under 16 years of age or mentally ill or the sodomy was committed by a state employee or contractor upon a person in the custody of a political subdivision of the State.


Section 886 has been held not to be unconstitutionally vague. Golden v. State, 1985 OK CR 9, ¶ 4, 695 P.2d 6, 7. However, in Post v. State, 1986 OK CR 30, ¶¶ 11-12, 715 P.2d 1105, 1109-10, the Oklahoma Court of Criminal Appeals declared it unconstitutional as violative of the right to privacy if applied to private consensual heterosexual activity. Accordingly, the jury should receive an instruction on the defense of consent in such cases if there is evidence of consent presented. Hinkle v. State, 1989 OK CR 4, ¶¶ 4-5, 771 P.2d 232, 233. In Garcia v. State, 1995 OK CR 85, ¶ 4, 904 P.2d 144, 145, the Court of Criminal Appeals ruled that it was error for the trial court to give an instruction for non-forcible sodomy (21 O.S. Supp. 2010 2011, § 886) as a lesser included offense of forcible sodomy (21 O.S. Supp. 2010 2011, § 888), where the charge involved heterosexual activity and the defendant raised the defense of consent.


Penetration is required under 21 O.S. 2001, § 887. Salyers v. State, 1988 OK CR 88, ¶ 7, 755 P.2d 97, 100. Corroboration of the victim's testimony is not required unless "the victim's testimony is so incredible or has been so thoroughly impeached that a reviewing court must say that the testimony is clearly unworthy of belief." Salyer v. State, 1999 OK CR 184, ¶ 22, 761 P.2d 890, 895.


 



 


OUJI-CR 4-130


SEXUAL BATTERY - ELEMENTS


No person may be convicted of sexual battery unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:


First, the defendant intentionally;


Second, touched/felt/mauled;


Third, in a lewd and lascivious manner;


Fourth, the body/(private parts);


Fifth, of a person sixteen years of age or older;


Sixth, without his/her consent.


OR


First, a state/county/municipal/(political subdivision) employee/ contractor/[employee of a contractor of (the state)/(a county/municipality/ (political subdivision of Oklahoma)] ;


Second, intentionally;


Third, touched/felt/mauled;


Fourth, in a lewd and lascivious manner;


Fifth, the body/(private parts);


Sixth, of a person sixteen years of age or older;


Seventh, who was under the legal custody, supervision or authority of the (state agency)/county/municipality/(political subdivision) of Oklahoma.


OR


First, the defendant was eighteen years of age or older; ;


Second, the defendant was an employee of the victim's school system;


Third, and intentionally;


Fourth, touched/felt/mauled;


Fifth, in a lewd and lascivious manner;


Sixth, the body/(private parts);


Seventh, of a person at least sixteen years of age and less than twenty years of age;


Eighth, who was a student/(person under the legal custody/supervision) of a public/private (elementary/secondary/(technology center) school.


OR


First, the defendant was a (foster parent)/(foster parent applicant); and


Second, intentionally;


Third, touched/felt/mauled;


Fourth, in a lewd and lascivious manner;


Fifth, the body/(private parts);


Sixth, of a person who was nineteen years of age or younger;


Seventh, when the person was in the legal custody of a (state/federal agency)/(tribal court). 


The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.


[An "employee of the victim's school system" means a teacher, principal or other duly appointed person employed by a school system or an employee of a firm contracting with a school system who exercises authority over the victim.]


______________________________


Statutory Authority: 21 O.S. 2011 Supp. 2015, § 1123(B).


Committee Comments


The definition of "lewd" and "lascivious" is taken from Reeves v. State, 1991 OK CR 101, ¶ 44-47, 818 P.2d 495, 504.


 



 


OUJI-CR 8-32


DEFENSE OF INSANITY - REQUIREMENTS


A person is insane when that person is suffering from such a disability of reason or disease of the mind that he/she does not know that his/her acts or omissions are wrong and is unable to distinguish right from wrong with respect to his/her acts or omissions. A person is also insane when that person is suffering from such a disability of reason or disease of the mind that he/she does not understand the nature and consequences of his/her acts or omissions.


______________________________


Statutory Authority: 21 O.S. 1991 2011, § 152(4); 22 O.S. 1991 2011, §§ 914, 1161.


Committee Comments


OUJI-CR 8-32, the instruction on requirements of insanity, defines insanity for the jury. The definition of insanity stated in this instruction is the M'Naghten Test for insanity, which has long been the test for insanity in Oklahoma. Pugh v. State, 1989 OK CR 70, ¶ 5, 781 P.2d 843, 844; Richardson v. State, 1977 OK CR 298, ¶ 8, 569 P.2d 1018; French v. State, 1966 OK CR 84, ¶ 14, 416 P.2d 171; Dare v. State, 1963 OK CR 6, ¶ 34, 378 P.2d 339. The M'Naghten Test is the judicial formulation of the statutory definition of insanity found at 21 O.S. 2011, § 152(4). Under this definition, a person is insane if he or she is either unable to differentiate right from wrong or understand the nature and consequences of his or her acts. Johnson v. State, 1992 OK CR 71, ¶ 8, 841 P.2d 595, 596 (ordering new trial because jury instruction used conjunctive word "and" rather than disjunctive word "or"). 


The instructions on insanity do not include any comment or statement on other possible tests of insanity for several reasons. First, the law is clearly settled in Oklahoma that the M'Naghten Test is the correct test for insanity. Any reference to other possible tests of insanity would either incorrectly state the law or possibly confuse the jury.


Second, the product test of Durham v. United States, 214 F.2d 862 (D.C. Cir. 1954), has been specifically rejected by the Court of Criminal Appeals in Dare v. State, supra. Moreover, the irresistible impulse test has long been rejected by the Court of Criminal Appeals. Snodgrass v. State, 1918 OK CR 139, 175 P. 129, 15 Okl. Cr. 117. See also 21 O.S. 2011, § 154. 


Insanity may be induced by long periods of excessive alcohol or drug consumption, which may cause a continuing mental disease that deprives a person of the capacity to distinguish right from wrong. Voluntary intoxication that results in temporary mania does not constitute a mental defect that is necessary for a valid defense of insanity, however. Jones v. State, 1982 OK CR 112, ¶ 8, 648 P.2d 1251, 1254. 


It should be noted that the defense "that the person committed the act charged without being conscious thereof," i.e., automatism, is set out in 21 O.S. 2011, § 152(6). See Sellers v. State, 1991 OK CR 41, ¶ 32, 809 P.2d 676, 687. In Jones v. State, 1982 OK CR 112, 648 P.2d 1251, the Oklahoma Court of Criminal Appeals described this defense as follows: 




The defense of unconsciousness applies to situations where the defendant's otherwise criminal conduct results from an involuntary act totally beyond the control and knowledge of the defendant. The defense is not the same as insanity. [Citation omitted.]. To invoke an unconsciousness defense the defendant is not required to present evidence of a mental disease or defect. 




1982 OK CR 112, ¶ 31, 648 P.2d at 1258. 


OUJI-CR 8-33, the instruction on burden of proof, contains the substance of the jury instructions on the burden of proof for the defense of insanity that the Oklahoma Court of Criminal Appeals approved in Thomas v. State, 1990 OK CR 36, ¶ 4, 792 P.2d 1195, 1196, and Morris v. State, 1988 OK CR 298, ¶ 7, 766 P.2d 1388, 1390. Since insanity is a defense, the defendant has the burden to come forward with evidence of insanity, unless the evidence of the State raises the issue. Wooldridge v. State, 1990 OK CR 77, ¶16, 801 P.2d 729, 733. If the defendant does not come forward with evidence of insanity, insanity as an issue simply never enters the trial and never enters the consideration of the jury. If the defendant brings forward evidence of insanity, the question of whether sufficient evidence has been presented to require the trial judge to instruct the jury on the defense of insanity is a mixed question of law for the trial judge and a question of fact for the jury. Brewer v. State, 1986 OK CR 55, ¶ 17, 718 P.2d 354, 361. Accord Ake v. State, 1989 OK CR 30, ¶ 43, 778 P.2d 460, 470 (reaffirming Brewer). Once the jury determines that the defendant has presented sufficient evidence to raise the defense of insanity, the State's burden of overcoming that defense is a burden of proof beyond a reasonable doubt. Taylor v. State, 1994 OK CR 61, ¶ 10, 881 P.2d 755, 758; Adair v. State, 1911 OK CR 296, 118 P. 416, 6 Okl. Cr. 284. 


The Commission has decided not to draft instructions concerning temporary versus permanent insanity. Such instructions would only confuse the jury, in the opinion of the Commission, because the issue the jury should focus upon is whether the defendant was sane at the time of the commission of the acts with which he is charged. The jury should not be confused with distinctions concerning the diagnosis or prognosis of the defendant's mental disease, which are irrelevant to the question which the jury must resolve. Of course, evidence on the defendant's mental health before and after the commission of the acts with which the defendant is charged is relevant to the jury's determination. But evidence on the defendant's mental health should be treated as all other evidence, and an evidentiary instruction informing the jury that it is to determine the weight to be given the evidence should be sufficient. See Adams v. State, 1930 OK CR 419, 292 P. 385, 49 Okl. Cr. 94.


Nor did the Commission draft instructions on lay versus expert testimony solely for the defense of insanity. The Commission was of the opinion that the usual evidentiary instructions on how the jury should handle lay testimony and expert testimony are sufficient, and that no special evidentiary instructions for the defense of insanity are needed.


 



 


OUJI-CR 8-34
DEFENSE OF INSANITY - FORM OF VERDICT


If you acquit the defendant on the ground of insanity, the verdict must read, "We, the jury, upon our oath, find the defendant not guilty by reason of insanity."


IN THE DISTRICT COURT OF THE ____ JUDICIAL DISTRICT OF


THE STATE OF OKLAHOMA SITTING IN AND FOR ______ COUNTY


THE STATE OF OKLAHOMA,



 
 

 

 
Plaintiff,
 
 

 
)
 
 

 
 
 
 
 

 

 
 
 
 

 
)
 
 

 
 
 
 
 

 

 
vs
 
 

 
)
 
 

 
 
 
 
 

 

 
 
 
 

 
)
 
 

 
Case No. ______
 
 
 

 

 
JOHN DOE,
 
 

 
)
 
 

 
 
 
 
 

 

 
Defendant.
 
 

 
)
 
 

 
 
 
 
 

 

 
 
 
 

 
)
 
 

 
 
 
 
 



 


VERDICT


COUNT 1 -- [CRIME CHARGED]


We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows: 


Defendant is: 


______ Guilty and fix punishment at ___________________. 


______ Not guilty.


______ Not guilty by reason of insanity.










________________________
FOREPERSON 










______________________________


Statutory Authority: 21 O.S. 1991 2011, § 152(4); 22 O.S. 1991 2011, §§ 914, 1161.


Committee Comments


OUJI-CR 8-32, the instruction on requirements of insanity defines insanity for the jury. The definition of insanity stated in this instruction is the M'Naghten Test for insanity, which has long been the test for insanity in Oklahoma. Pugh v. State, 781 P.2d 843, 844 (Okl. Cr. 1989); Richardson v. State, 569 P.2d 1018 (Okl. Cr. 1977); French v. State, 416 P.2d 171 (Okl. Cr. 1966); Dare v. State, 378 P.2d 339 (Okl. Cr. 1963). The M'Naghten Test is the judicial formulation of the statutory definition of insanity found at 21 O.S. 1991, § 152(4). Under this definition, a person is insane if he or she is either unable to differentiate right from wrong or understand the nature and consequences of his or her acts. Johnson v. State, 841 P.2d 595, 596 (Okl. Cr. 1992) (ordering new trial because jury instruction used conjunctive word "and" rather than disjunctive word "or"). 


The instructions on insanity do not include any comment or statement on other possible tests of insanity for several reasons. First, the law is clearly settled in Oklahoma that the M'Naghten Test is the correct test for insanity. Any reference to other possible tests of insanity would either incorrectly state the law or possibly confuse the jury.


Second, the product test of Durham v. United States, 214 F.2d 862 (D.C. Cir. 1954), has been specifically rejected by the Court of Criminal Appeals in Dare v. State, supra. Moreover, the irresistible impulse test has long been rejected by the Court of Criminal Appeals. Snodgrass v. State, 15 Okl. Cr. 117, 175 P. 129 (1918). See also 21 O.S. 1991, § 154. 


Insanity may be induced by long periods of excessive alcohol or drug consumption, which may cause a continuing mental disease that deprives a person of the capacity to distinguish right from wrong. Voluntary intoxication that results in temporary mania does not constitute a mental defect that is necessary for a valid defense of insanity, however. Jones v. State, 648 P.2d 1251, 1254 (Okl. Cr. 1982). 


It should be noted that the defense "that the person committed the act charged without being conscious thereof," i.e., automatism, is set out in 21 O.S. 1991 2011, § 152(6). See Sellers v. State, 809 P.2d 676, 687 (Okl. Cr. 1991). In Jones v. State, 648 P.2d 1251 (Okl. Cr. 1982), the Oklahoma Court of Criminal Appeals described this defense as follows: 




The defense of unconsciousness applies to situations where the defendant's otherwise criminal conduct results from an involuntary act totally beyond the control and knowledge of the defendant. The defense is not the same as insanity. [Citation omitted.]. To invoke an unconsciousness defense the defendant is not required to present evidence of a mental disease or defect. 




648 P.2d at 1258. 


OUJI-CR 8-33, the instruction on burden of proof, contains the substance of the jury instructions on the burden of proof for the defense of insanity that the Oklahoma Court of Criminal Appeals approved in Thomas v. State, 792 P.2d 1195, 1196 (Okl. Cr. 1990), and Morris v. State, 766 P.2d 1388, 1390 (Okl. Cr. 1988). Since insanity is a defense, the defendant has the burden to come forward with evidence of insanity, unless the evidence of the State raises the issue. Wooldridge v. State, 801 P.2d 729, 733 (Okl. Cr. 1990). If the defendant does not come forward with evidence of insanity, insanity as an issue simply never enters the trial and never enters the consideration of the jury. If the defendant brings forward evidence of insanity, the question of whether sufficient evidence has been presented to require the trial judge to instruct the jury on the defense of insanity is a mixed question of law for the trial judge and a question of fact for the jury. Brewer v. State, 718 P.2d 354, 361 (Okl. Cr. 1986). Accord Ake v. State, 778 P.2d 460, 470 (Okl. Cr. 1989) (reaffirming Brewer). Once the jury determines that the defendant has presented sufficient evidence to raise the defense of insanity, the State's burden of overcoming that defense is a burden of proof beyond a reasonable doubt. Taylor v. State, 881 P.2d 755, 758 (Okl. Cr. 1994); Adair v. State, 6 Okl. Cr. 284, 118 P. 416 (1911). 


The Oklahoma Court of Criminal Appeals has ruled that no instruction is necessary concerning the consequences of a verdict of not guilty by reason of insanity. Taylor v. State, 881 P.2d 755, 758 (Okl. Cr. 1994). 


The Commission has decided not to draft instructions concerning temporary versus permanent insanity. Such instructions would only confuse the jury, in the opinion of the Commission, because the issue the jury should focus upon is whether the defendant was sane at the time of the commission of the acts with which he is charged. The jury should not be confused with distinctions concerning the diagnosis or prognosis of the defendant's mental disease, which are irrelevant to the question which the jury must resolve. Of course, evidence on the defendant's mental health before and after the commission of the acts with which the defendant is charged is relevant to the jury's determination. But evidence on the defendant's mental health should be treated as all other evidence, and an evidentiary instruction informing the jury that it is to determine the weight to be given the evidence should be sufficient. See Adams v. State, 49 Okl. Cr. 94, 292 P. 385 (1930).


Nor did the Commission draft instructions on lay versus expert testimony solely for the defense of insanity. The Commission was of the opinion that the usual evidentiary instructions on how the jury should handle lay testimony and expert testimony are sufficient, and that no special evidentiary instructions for the defense of insanity are needed.


The Form of Verdict instruction simply informs the jury of its duty under 22 O.S. 1991, § 914.


 



 


OUJI-CR 8-34A
DEFENSE OF INSANITY - VERDICT FORM


IN THE DISTRICT COURT OF THE ____ JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR ______ COUNTY
THE STATE OF OKLAHOMA,



 
 

 

 
Plaintiff,
 
 

 
)
 
 

 
 
 
 
 

 

 
 
 
 

 
)
 
 

 
 
 
 
 

 

 
vs
 
 

 
)
 
 

 
 
 
 
 

 

 
 
 
 

 
)
 
 

 
Case No. ______
 
 
 

 

 
JOHN DOE,
 
 

 
)
 
 

 
 
 
 
 

 

 
Defendant.
 
 

 
)
 
 

 
 
 
 
 

 

 
 
 
 

 
)
 
 

 
 
 
 
 



 


VERDICT


COUNT 1 -- [CRIME CHARGED]


We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows: 


Defendant is: 


______ Guilty and fix punishment at ___________________. 


______ Not guilty.


______ Not guilty by reason of insanity.










________________________
FOREPERSON 


 










 



 


OUJI-CR 9-19


EVIDENCE - EYEWITNESS IDENTIFICATIONS


The State must prove the identity of the defendant as the person who committed the crime charged beyond a reasonable doubt. If after examining all of the evidence, you have a reasonable doubt as to whether the defendant was the individual who committed the crime charged, you must find the defendant not guilty. 


Eyewitness identifications are to be scrutinized with extreme care. Testimony as to identity is a statement of a belief by a witness. The possibility of human error or mistake and the probable likeness or similarity of objects and persons are circumstances that you must consider in weighing identification testimony as to identity. You should carefully consider the factors that bear upon the credibility weight that you attach give to the witness's identification testimony, such as: (1) whether the witness had an adequate opportunity to observe the subject clearly; (2) whether the witness is positive in the identification; (3) whether the witness's identification is weakened by a prior failure to identify the subject ; and, (4) whether the witness's testimony remained positive and unqualified after cross-examination; and (5) whether the witness' prior description/identification of the person/thing was accurate.


In deciding whether the witness had an adequate opportunity to observe the subject of the identification, you should consider the capability of the witness, the length of time of observation, the distance between the witness and the subject, lighting conditions, whether the witness was under stress, and whether the witness had seen or known the subject before, and any other circumstance supported by the evidence.


In deciding how much weight to give to identification testimony, you should consider whether the identification was based on the witness's own recollection and the circumstances of the identification. These circumstances may include, but are not limited to, whether the identification was made by selecting the subject from a group of similar persons or the subject alone, the length of time between when the witness observed the subject and the identification, and whether anything during that time may have affected the identification. You should also consider whether the witness described the subject before the identification, and if so, how specific the description was.


The State must prove the identity of the defendant as the person who committed the crime charged beyond a reasonable doubt. If after examining all of the evidence, you have a reasonable doubt as to whether the defendant was the individual who committed the crime charged, you must find the defendant not guilty. 


Notes on Use


This instruction should be given if an eyewitness identification is a critical element of the prosecution's case and there is a serious question concerning the reliability of the identification. McDoulett v. State, 1984 OK CR 81, ¶ 9, 685 P.2d 978, 980 (Okl. Cr. 1984).


Committee Comments


In Mathieus v. State, 1989 OK CR 47, ¶ 9, 778 P.2d 491, 493, the Oklahoma Court of Criminal Appeals held that a defendant was entitled to a cautionary instruction substantially similar to this instruction because the eyewitness did not have an opportunity to view the perpetrator and was not positive in the identification. Similarly, in McDoulett v. State, 1984 OK CR 81, ¶ 10, 685 P.2d 978, 980, the Court of Criminal Appeals ruled that the trial court committed reversible error by refusing to give a requested cautionary instruction, because the witness was not in a position to observe the assailant clearly and her prior description was inaccurate. In Webb v. State, 1987 OK CR 253, ¶ 11, 746 P.2d 203, 206, however, the Court of Criminal Appeals found that a cautionary instruction was not warranted because after applying the five factors listed in the instruction to the facts of that case, it concluded that the likelihood of misidentification was not substantial. See also Pisano v. State, 1981 OK CR 137, ¶¶ 11-12, 636 P.2d 358, 361 (cautionary instruction was unnecessary because 4 conditions for reliability of identification prevailed); Hall v. State, 1977 OK CR 193, ¶¶ 8-9, 565 P.2d 57, 60 (no necessity for instruction on unreliability of eyewitness testimony because identification appeared reliable); Moreau v. State, 1975 OK CR 14, ¶ ¶¶ 14-15, 530 P.2d 1061, 1066 (4 factors regarding reliability of identification were satisfied).


The Court of Criminal Appeals stated in McDoulett, supra, 1984 OK CR 81, ¶ 12, 685 P.2d at 978, 981, that the list of factors that the jury may wish to consider in evaluating the credibility of eyewitness identifications is not exclusive. For additional factors that may be appropriate, see 1 Edward J. Devitt et al., Federal Jury Practice & Instructions § 14.10 (4th ed. 1992).


 



 


OUJI-CR 9-43A
EVIDENCE - CREDIBILITY OF JAILHOUSE INFORMANT TESTIMONY


The testimony of an informer informant who provides evidence against a defendant must be examined and weighed by you with greater care than the testimony of an ordinary witness. Whether the informer's informant's testimony has been affected by interest or prejudice against the defendant is for you to determine. In making that determination, you should consider:


(1) whether the witness informant has received, been offered, or reasonably expects anything (including pay, immunity from prosecution, leniency in prosecution, personal advantage, or vindication) in exchange for testimony;


(2) any other case in which the informant testified or offered statements against an individual but was not called, and whether the statements were admitted in the case, and whether the informant received any deal, promise, inducement, or benefit in exchange for that testimony or statement;


(3) whether the informant has ever changed his or her his/her testimony/statement;


(4) the criminal history of the informant; and


(5) any other evidence relevant to the informer's informant's credibility.


Notes on Use


In Dodd v. State, 2000 OK CR 2, ¶ 26, 993 P.2d 778, 784, the Oklahoma Court of Criminal Appeals required the use of this Instruction whenever jailhouse informant testimony has been admitted by the trial court.


In addition, the Court of Criminal Appeals required the prosecution to make available to the defense the following pretrial discovery:




At least ten days before trial, the state is required to disclose in discovery: (1) the complete criminal history of the informant; (2) any deal, promise, inducement, or benefit that the offering party has made or may make in the future to the informant (emphasis added); (3) the specific statements made by the defendant and the time, place, and manner of their disclosure; (4) all other cases in which the informant testified or offered statements against an individual but was not called, whether the statements were admitted in the case, and whether the informant received any deal, promise, inducement, or benefit in exchange for or subsequent to that testimony or statement; (5) whether at any time the informant recanted that testimony or statement, and if so, a transcript or copy of such recantation; and (6) any other information relevant to the informant's credibility.




Id. ¶ 25, 993 P.2d at 784.


 


 


 


 


 


 


 


 


 


 


 


 


 


 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.